# UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### JURY TRIAL DEMANDED

JEANNE F. MARTELLI,

      Plaintiff,

v.                         CASE NO.:8:19-cv-00441-WFJ-SPF

THOMAS KNIGHT,
In his capacity as Sheriff of the
SARASOTA COUNTY SHERIFF'S DEPARTMENT,
DAVID TUCK, in his individual capacity and as
An employee of
SARASOTA COUNTY SHERIFF'S DEPARTMENT,

      Defendants.

_____/

### FIRST AMENDED COMPLAINT

Plaintiff, Jeanne F. Martelli, ("Ms. Martelli") by and through the undersigned counsel, and pursuant to Rule 15(a)(1)(B) of the Federal Rules Civil Procedure[1], sues Defendants, THOMAS KNIGHT, in his capacity as Sheriff of the SARASOTA COUNTY SHERIFF'S DEPARTMENT ("Sheriff") and DAVID TUCK, ("Tuck") in his individual capacity and as an employee of the Sheriff, and alleges the following:

1. Without probable cause the Sarasota County Sheriff supervised and directed the members of his agency to deprive Ms. Martelli of her federal and state rights by inadequately and improperly investigating the shooting that occurred on November 18, 2016 at 75 N. Broadway Rd. Englewood, Sarasota County, Florida.

2. As a result Ms. Martellli was unlawfully arrested on December 6, 2016.

3. Compounding the rights deprivation, Ms. Martelli was subsequently charged with Aggravated Assault with a Firearm and maliciously prosecuted for standing her ground

---

[1] All Defendants filed a response to the Complaint on March 18, 2019. See, [DE 11 & 12]. All exhibits to the Amended Complaint are identical to the exhibits to the initial Complaint.

and defending herself with the justifiable use of force from another battery perpetrated by William A. Tillis. *See, State of Florida v. Jeanne F. Martelli*, Case No.: 2016 CF 017257 NC (Fla. 12th Cir Ct.).

4. The Twelfth Judicial Circuit Office of the State Attorney eventually entered a *Nolle Prosequi*, on August 9, 2017, five days before Ms. Martelli's August 14, 2017 Stand Your Ground Immunity Hearing brought pursuant to Fla. Stat. §§776.013 and 776.032. *See* Exhibit A.

5. The damage was already done prior to the State's entry of Nolle Prosequi. Ms. Martelli lost her job as a registered nurse at Sarasota Memorial Hospital. Ms. Martelli's bond deposit was kept by the bondsman pursuant to the terms of the surety. Ms. Martelli's attorney's fees remain unreimbursed. Worst of all, Ms. Martelli's name and mugshot litter the internet without any explanation that the charges against her were dropped.

## JURISIDICTION AND VENUE

6. This Court has jurisdiction pursuant to Article 5, §5 of the Florida Constitution, Fla. Stat. §26.012 to decide the questions and adjudicate the claims in this case which are in excess of $15,000.00.

7. Venue is properly brought in the Twelfth Judicial Circuit Court because it is the circuit in which all of the events or omissions establishing Plaintiff's claims occurred or failed to occur, and Plaintiff and Defendants are all subject to the personal jurisdiction of the Twelfth Judicial Circuit Court of Florida.

8. Plaintiff notified each Defendant, the Sarasota County Board of County Commissioners and the Florida Department of Financial Services, of her claims initially on January 27, 2017, six or more months prior to her filing this action pursuant to Fla. Stat. §768.28 and again on January 30, 2018 and May 3, 2018. *See* Composite exhibit B.

9. Each Defendant, and the Florida Department of Financial Services, acknowledged receipt of the Plaintiff's Notice of Claim. On January 14, 2019, the Defendants, through the Office of the County Attorney, denied all claims asserted by the Plaintiff. *See* composite Exhibit C.

10. All conditions precedent to filing this lawsuit have been substantially performed, have occurred or have been waived.

## PARTIES

11. Plaintiff, Jeanne F. Martelli is a natural person, over the age of 18, is a citizen and resident of Englewood, Sarasota County, Florida. Ms. Martelli is a Registered Nurse. At the time of her arrest she was employed full time at Sarasota Memorial Hospital. Ms. Martelli was terminated two days after her December 6, 2016 arrest because she was no longer "eligible" under the applicable requirements of the Agency for Healthcare Administration See Exhibit D.

12. Defendant Thomas Knight is a citizen of the State of Florida residing within the jurisdiction for the Middle District of Florida, is over the age of eighteen (18), and is otherwise *sui juris*. At all material times hereto, Sheriff Knight was employed by the Sarasota County Sheriff's Department as its Sheriff and is being sued in his official capacity. The Sarasota County Sheriff's Department is a political subdivision of the State of Florida, and existing under the laws of the state of Florida and situated in Sarasota County, Florida.

13. Defendant David Tuck is a citizen of the State of Florida residing within the jurisdiction of the Middle District of Florida, is over the age of eighteen (18), and is otherwise *sui juris*. At all material times hereto, Defendant Tuck was a detective employed by the Sarasota County Sheriff's Department and is being sued as in his individual capacity and as an employee of the Sheriff.

## FACTUAL ALLEGATIONS

### Historical Background Facts

14. On April 27, 2013 at approximately 2:12 a.m., Lee County Sheriff's Deputy Spencer was dispatched to the Hess gas Station located on 179051 N. Tamiami Trail in reference to a battery between a male and a female. As Deputy Spencer was *en route* he was advised that the male and female left the area in a black SUV heading south on US 41. *See* exhibit E, hereto First Appearance Court Order and Probable Cause Affidavit for *State v. Tillis*, Case # 13-015848CF, 20th Judicial Circuit, Lee County, Florida.

15. Deputy Spencer found the black SUV and stopped it at the entrance of Lake Arrow. In the midst of the traffic stop, as the black SUV was slowing down, the right door "flung open" and a white female fell out on the ground. The black SUV driver left the car and ran towards the female so Deputy Spencer ordered him to the ground, several times, and handcuffed

him. The black SUV driver was identified by Deputy Johnson, who had prior encounters with the driver, as William Tillis, a white male who was born on September 7, 1979.

16. Deputy Spencer then tended to the white female who had been thrown out of the SUV and was identified as Jeanne Martelli, date of birth March 13, 1965. Deputy Spencer found out Tillis had beaten Jeanne's face with his fists and had thrown her out of the SUV while it was moving. Deputy Spencer observed that Jeanne had red marks on her face and her knee was bloody.

17. Jeanne was transported to Lee Memorial Hospital by EMS while Deputy Spencer investigated Tillis, and found that his driving privileges had been suspended nine times, revoked seven times, with a permanent revocation on August 31, 2011. While at Lee Memorial, Ms. Martelli was treated for injuries to her head and facial bones. A CT scan was performed, and the police took photographs of her injuries. She had a facial contusion, head contusion, chest contusion, multiple abrasions and multiple contusions.

18. Deputy Spencer searched the SUV and found a silver case that contained a short glass tube and gold wire scrubbing pad with burn marks on it.

19. Tillis was charged with domestic battery, habitual driving with a suspended license, and possession of drug paraphernalia.

20. Tillis' Judgment and Sentence for this case included a no contact order that required him to have no violent contact with Jeanne Martelli during the eighteen month period of supervision which began on June 25, 2013. *See* exhibit F, Order of Probation and Judgment of Guilt.

21. Jeanne had to undergo cervical surgery that was necessitated by the battery she received from Tillis.

22. Tillis violated the 18 month probation and a warrant was issued on December 9, 2014. The warrant was served by deputies employed by the Sheriff during one of the two visits deputies made in response to Ms. Martelli's two separate 911 calls to them to report more domestic violence perpetuated by Tillis.

23. On May 23, 2016, Tillis was sentenced on the Violation of Probation and his probation was extended six months or until November 23, 2016. Tillis was on Felony probation on the day, November 18, 2016, Ms. Martelli shot him in self-defense. *See*, exhibit G, May 23, 2016 Appearance Record.

24. Jeanne Martelli held fee simple title to the residence located at 75 N. Broadway Englewood, Sarasota County, FL 34223 ("the residence"). Jeanne permitted Tillis, the alleged "victim" in this case, to reside at her home.

25. Jeanne supported Tillis who did not consistently pay rent, utilities or buy food. Tillis does not own a vehicle because he is a habitual traffic offender. *See* exhibit H.  Ms. Martelli provided transportation for him as well.

### The November 18, 2016 events

26. Jeanne went to walk her dog in the evening.  She stopped at the Moose Lodge and then was continuing her walk where she met William "Curly" Gale.

27. Thereafter, Jeanne invited William "Curly" Gale to the residence, to look at her house for the purpose of potentially renting a room.  *See* exhibit I, Handwritten Statement of William Gale

28. Jeanne was getting Mr. Gale a beverage when Tillis came roaring out of the bedroom where he slept, screaming and hollering expletives. Mr. Gale observed that Tillis was "totally out of control" so he immediately got up and left. Tillis chased Mr. Gale as he exited the house knocking over a dining room chair.

29. Mr. Tillis testified "I told the guy he had just a few seconds to get out of my house before danger came to this person."[2]. Mr. Tillis's November 28, 2016 initial statement to Detective Tuck reads "I grabbed this guy by the ear of his, of his ear, and sling him outside, say take your [expletive] with you." And he later says he "tossed his [expletive] [expletive] out of my house.".[3]

---

[2] Tillis deposition 17/2-4.

[3] Tillis statement page 10-11.

30. After forcibly removing[4] Mr. Gale[5] from the residence, Mr. Tillis was not "the happiest person"[6], and he focused his anger once again on Ms. Martelli.

31. Mr. Tillis told Ms. Martelli "this was not a wise decision", which he explained meant that Ms. Martelli should have known "that there would be harsh consequences ... from what would happen if my former lover woke up to some dude sitting in his chair so..."[7]

32. Tillis then shoved Martelli by pushing her neck a couple of times, while yelling "[expletive] you doing bringing somebody home." She tried to reason with him by saying it was her house and he needed to leave, but he brought her to the ground and shook her and smashed her head into the floor.[8] Ms. Martelli was able to get away from him, get her gun and shot him to prevent him from hurting her any further.[9]

33. Ms. Martelli called 911 at 2:12 a.m. and immediately stated "I just shot my boyfriend because he was attacking me.... he's come after me once and the second time, once too [expletive] many times...didn't mean to hurt him, please hurry up please."[10]. When asked what happened, Ms. Martelli stated "I shot him. Okay, because he was coming after me

---

[4] Mr. Tillis testified "I told the guy he had just a few seconds to get out of my house before danger came to this person." Tillis deposition 17/2-4. Mr. Tillis's November 28, 2016 initial statement to Detective Tuck reads "I grabbed this guy by the ear of his, of his ear, and sling him outside, say take your [expletive] with you." And he later says he "tossed his [expletive] [expletive] out of my house." Tillis statement page 10-11.

[5] Mr. Gale's recollection, recorded in his handwritten statement, taken on January 11, 2017 is that Mr. Tillis came out screaming and hollering and flayling [sp]. Screaming 'get out of my house mother f-er. Twice, I'll kill you as I went to the door.'" Mr. Gale's impression was that Mr. Tillis was "totally out of control".

[6] Tillis deposition 24/20-23.

[7] Tillis deposition 30/10-13.

[8] Martelli recorded statement 36/12-17.

[9] Martelli recorded statement 38/15-1.

[10] Martelli 911 call 1 /4-5.

and I am done with him [expletive] coming after me alright…bottom line, I'm [expletive] done with him coming after me…"[11]

34. Ms. Martelli also told Deputy Potter, "That's the last time he's going to do that to me….when is enough, enough?

35. Ms. Martelli explained to Detective Tuck that she shot Mr. Tillis because she was afraid he was going to kill her because he was so enraged. She also told Detective Tuck that "I haven't been that scared….I don't ever think I have ever been that scared. I really really thought he was going to hurt me."[12]

**The "Victim" is a lifelong Habitual Felon with a Propensity for Drugs, Alcohol, Aggression and Dishonesty.**

36. Tillis has an extensive criminal history spanning two decades and several Florida counties. *See*, exhibit J, Department of Corrections bio for William Tillis and Ms. Martelli's Reciprocal Discovery dated July 5, 2017, with certified copies of the convictions identified therein, and attached NCIC arrest record of Mr. Tillis produced during discovery in Part I of Detective Tuck's "book" which was an exhibit to his deposition.

37. Tillis has been a habitual felony offender since he was adjudicated guilty of Grand Theft of Motor Vehicle on May 14, 2003 by Honorable Thomas Reese in the case *State v. Tillis*, Case #02004728CF, 20th Judicial Circuit, Lee County, Florida. *See*, exhibit K.

38. On August 8, 2006, Tillis was adjudicated guilty of Fraud –utter False Instrument, felony third degree in the case *State v. Tillis*, Case #2006-CF-010162, 12th Judicial Circuit, Sarasota County, Florida. *See*, exhibit L.

39. On June 11, 2007 Tillis was adjudicated guilty of Forgery, felony third degree and Giving False Name of ID in the case *State v. Tillis*, Case #07-CF-015331, 20th Judicial Circuit, Lee County, Florida. *See*, exhibit M.

40. On July 23, 2009, a Violation of Probation warrant issued for violations related to the sentence on the underlying charge of Possession of Cocaine. Within the Warrant, the

---

[11] Martelli 911 call 5/5-7.

[12] Martelli recorded statement 35/16-17.

"Identifying Data" included "tattoo of 5 point Crown on left chest CONFIRMED LATIN KING" (emphasis original). *See* exhibit N. During his deposition Tillis took offense to the "LATIN KING" moniker because he is not a "KING" he is a "BLOOD" which is a different prison gang with a similar logo.[13]

41. It is undisputed that Tillis is six feet one inch tall and two hundred and twenty-two pounds[14]. Tillis's arrest records reveal that he has a history of drug abuse and he was observed intoxicated during several of the arrests.

42. Tillis has an admitted history of opportunistic lying to improve his circumstances. For example, Tillis hospital records reveal that he lied about being suicidal while incarcerated so that he could get out of the particular ward to which he was assigned. Tillis freely admitted these facts during his deposition[15].

## GENERAL ALLEGATIONS RELATING TO CIVIL RIGHTS VIOLATIONS

43. Plaintiff realleges and reavers paragraphs 1-42 as if set forth herein

44. In committing the acts complained of herein, Defendants acted under color of law to deprive Plaintiff of certain constitutionally protected rights.

45. As a direct and proximate result of the violations of Plaintiff's constitutional rights by Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983 and Florida Statutes §766.032(3).

### Domestic Violence Protocol

46. Domestic violence protocol, see exhibit N hereto and incorporated herein, required law enforcement officers employed by the Sheriff to, in part,

    a) Determine who is the primary aggressor using a variety of factors "based on criteria set forth in Chapter 741.29(4)(b)", including: "[f]ear of physical injury because of past or present threats", "[h]istory of domestic abuse perpetrated by one party against the other", [e]xistence of current or prior orders for protection", and,

    b) Not arrest a suspect who acted in self-defense. Where such an allegation is made,

---

[13] Tillis deposition 9/3-11/14.

[14] Tillis deposition 59/1-5.

[15] Tillis deposition 54/19-56/5.

It is imperative that the responding deputy thoroughly investigate such allegation to determine whether it was an act of self-defense or an act of aggression. If it was a separate act of aggression, then the responding deputy shall make an arrest, or file a request for prosecution on the secondary aggressor. If the responding deputy concludes that it was an act of self-defense, no arrest of the secondary aggressor shall be made. If dual arrests are made, the facts supporting each arrest must be clearly documented.

*See* exhibit N, ¶ F (1).

    c) The Sheriff's protocol mandates that all responding law enforcement officers "shall receive competency-based training in domestic violence. Such personnel shall be competent with regard to the following:"

        1. "Use and application of current Florida and Federal statutes as they relate to domestic violence."…

        17. "Liability issues for both the sheriff's office and the responding deputy."…

        20. "Means of identifying a primary aggressor."

47. No law enforcement officer employed by the Sheriff, including Detective Tuck, performed any of the mandatory domestic violence functions contained within Sarasota County Sheriff's Office General Order 23.4 Revision date March 15, 2016.

48. The sum of evidence available to the Sheriff clearly and convincingly showed that Ms. Martelli was a victim of domestic violence and lawfully used deadly force in self-defense.

49. It was unlawful for the Sheriff and Tuck to arrest Ms. Martelli without probable cause to believe her use of force was unlawful.

**COUNT I**
**42 U.S.C. § 1983**
**SARASOTA COUNTY SHERIFF'S DEPARTMENT**

**FALSE ARREST AND UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS**

50. Plaintiff realleges and reavers paragraphs 1-49 as if set forth herein.

51. The Sheriff had a custom and practice of permitting its investigating officers, such as Tuck, in individual investigations to override established protocols, standard operating procedures, and clearly established state law at their whim which caused violations of Ms. Martelli's constitutional right to be free from an unreasonable seizure protected by the Fourth Amendment to the United States Constitution when she was arrested on December 6, 2016, without probable cause, for the November 18, 2016 shooting of Tillis.

52. The Sheriff further failed to adequately train its law enforcement officers regarding (1) the Sheriff's own domestic violence protocol, (2) the requirement not to search a residence before a valid warrant is issued and present on the scene, and (3) law enforcement's duty to have probable cause that a crime has been committed, and the perpetrators' identity, prior to effectuating an arrest. These failures to adequately train the Sheriff's employees including Tuck injured Ms. Martelli's constitutional and civil rights.

53. On or about November 18, 2016, the Sheriff unlawfully detained, and on December 6, 2016, unlawfully arrested Ms. Martelli without probable cause to believe she had engaged in an unlawful use of force.

54. Plaintiff, Ms. Martelli, has the right under the United States Constitution to be free from unreasonable seizures, which includes arrests without probable cause.

55. In violating Plaintiff's right to be free from false arrest, the Sheriff violated Ms. Martelli's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

56. As a direct and proximate result of the violation of her constitutional right to be free from false arrest caused by the Sheriff, Ms. Martelli suffered the damages as alleged in this complaint and is entitled to relief under 42 U.S.C. §1983.

57. Ms. Martelli has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from the Sheriff, a reasonable fee pursuant to 42 U.S.C. §1988. In addition, punitive damages against the Sheriff are appropriate for this conduct.

58. As a direct and proximate result of the aforesaid acts and conduct in the criminal prosecution case, Ms. Martelli has suffered deprivation of her liberty, past and future mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, damage to reputation, disgrace, and injury to her good name, loss of time and losses to business reputation and loss of business income.

WHEREFORE, Plaintiff, Jeanne Martelli demands judgment against Defendant, Sarasota County Sheriff's Office, in an amount in excess of $15,000.00, including prejudgment interest, costs, reasonable attorney fees, and such further relief as this Court deems proper.

## COUNT II

## 42 U.S.C. §1983

## DAVID TUCK

## FALSE ARREST AND UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

59. Plaintiff realleges and reavers paragraphs 1-49 as if set forth herein.

60. Plaintiff, Ms. Martelli, has the right under the United States Constitution to be free from unreasonable seizures, which includes arrests without probable cause.

61. On or about December 6, 2016, Defendant David Tuck, acting in his individual capacity while employed by the Sheriff, deprived Ms. Martelli of her Fourth Amendment right to be free from unreasonable seizure when Defendant Tuck caused Ms. Martelli to be arrested without probable cause for shooting Tillis in self-defense.

62. In violating Plaintiff's right to be free from false arrest, Defendant Tuck violated Ms. Martelli's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

63. Defendant Tuck took the actions complained of in this complaint with knowledge that such conduct was unlawful and in direct violation of the United States Constitution and the rights of Ms. Martelli.

64. Defendant Tuck's conduct complained of in this section constitutes violation of 42 U.S.C. §1983.

65. As a direct and proximate result of the violation of her constitutional right to be free from false arrest caused by Defendant Tuck, Ms. Martelli suffered the damages as alleged in this complaint and is entitled to relief under 42 U.S.C. §1983.

66. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover from Defendant Tuck a reasonable fee pursuant to 42 U.S.C. §1988. In addition, punitive damages against Defendant Tuck are appropriate for his conduct.

67. As a direct and proximate result of the aforesaid acts and conduct in the criminal prosecution case, Ms. Martelli has suffered deprivation of her liberty, past and future

mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, damage to reputation, disgrace, and injury to her good name, loss of time and losses to business reputation and loss business income.

WHEREFORE, Plaintiff, Jeanne Martelli demands judgment against Defendant, David Tuck, in an amount in excess of $15,000.00, including prejudgment interest, costs, reasonable attorney fees, and such further relief as this Court deems proper.

## COUNT III
## SARASOTA COUNTY SHERIFF'S DEPARTMENT
## FALSE ARREST

68. Plaintiff realleges and reavers paragraphs 1-49 as if set forth herein.

69. That on or about December 6, 2016, the Sheriff unlawfully procured the arrest and detention of Ms. Martelli against her will when Ms. Martelli was falsely arrested without probable cause for Aggravated Battery with a Firearm for the shooting of Tillis in self-defense.

70. That the criminal case against Ms. Martelli was concluded on August 9, 2017, when a *Nolle Prosequi* was entered in the Florida state court criminal case against Ms. Martelli.

71. There was no probable cause for the initiation of criminal charges against Ms. Martelli for the offense of Aggravated Battery with a Firearm for the shooting of Tillis because Plaintiff acted in self-defense as the victim of a domestic violence incident.

72. The Sheriff, breached a duty of care owed to Ms. Martelli to refrain from depriving her of her personal liberty when the Sheriff, through its employees including Tuck, intentionally restrained or detained Ms. Martelli without probable cause in violation of FL. Stat, §§ 901.15 and 901.151.

73. The Sheriff, without probable cause, wrongfully detained and restrained Ms. Martelli.

74. As a direct and proximate result of the aforesaid acts and conduct in the criminal prosecution case, Ms. Martelli suffered and will continue to suffer in the future, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, damage to reputation, disgrace, and injury to her good name, loss of time and losses to business reputation and lost business income.

WHEREFORE, Plaintiff, Jeanne Martelli demands judgment against Defendant, Sarasota County Sheriff's Department, in an amount in excess of $15,000.00, including prejudgment interest, costs, reasonable attorney fees, and such further relief as this Court deems proper.

## COUNT IV
## DAVID TUCK
## FALSE ARREST

75. Plaintiff realleges and reavers paragraphs 1-49 as if set forth herein.

76. That on or about December 6, 2016, Defendant, David Tuck, unlawfully procured the arrest and detention of Ms. Martelli against her will when Ms. Martelli was falsely arrested without probable cause for Aggravated Battery with a Firearm for the shooting of Tillis in self-defense.

77. That the criminal case against Ms. Martelli was concluded on August 9, 2017, when a *Nolle Prosequi* was entered in the Florida state court criminal case against Ms. Martelli.

78. There was no probable cause for the initiation of criminal charges against Ms. Martelli for the offense of Aggravated Battery with a Firearm for the shooting of Tillis because Plaintiff acted in self-defense as the victim of a domestic violence incident.

79. Defendant Tuck breached a duty of care owed to Ms. Martelli to refrain from depriving her of her personal liberty when Defendant Tuck intentionally restrained or detained Ms. Martelli without probable cause in violation of FL. Stat, §§ 901.15 and 901.151.

80. Defendant Tuck, without probable cause, wrongfully detained and restrained Ms. Martelli.

81. As a direct and proximate result of the aforesaid acts and conduct in the criminal prosecution case, Ms. Martelli suffered and will continue to suffer in the future, mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, damage to reputation, disgrace, and injury to her good name, loss of time and losses to business reputation and lost business income.

WHEREFORE, Plaintiff, Jeanne Martelli demands judgment against Defendant, David Tuck, in an amount in excess of $15,000.00, including prejudgment interest, costs, reasonable attorney fees, and such further relief as this Court deems proper.

## CLAIM FOR ATTORNEYS FEES

Plaintiff places all Defendants on notice that she will seek compensation for her attorney's fees and costs pursuant to 42 U.S.C. §1988.

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes demand for a Trial by jury of all issues so triable by right.

/s/Jacqulyn Mack-Majka
Jacqulyn Mack-Majka, Esquire
Florida Bar No.: 0134902

/s/Kerry E. Mack
Kerry E. Mack, Esquire
Florida Bar No.: 337897
**MACK LAW FIRM CHARTERED**
**Primary:  eservice1@macklawfirm.org**
**Secondary: eservice2@macklawfirm.org**
2022 Placida Road
Englewood, Florida  34224-5204
(941) 475-7966
(941) 475-0729 fax
Attorneys for Martelli

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2019 I electronically filed this document with the Clerk of Court by using the CM/ECF system which will send a copy to Bora S. Kayan, Esq. and Stephen E. DeMarsh, Esq. Office of The County Attorney 1660 Ringling Blvd. Second Floor Sarasota FL 34236.

By: /s/Jacqulyn Mack-Majka
Jacqulyn Mack-Majka, Esquire
Florida Bar No.: 0134902

Filing # 60185020 E-Filed 08/09/2017 03:34:46 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

STATE OF FLORIDA,

vs.

JEANNE F. MARTELLI,

_____/

CASE NO.: 2016CF017257NC
SAO NO.: 16CF031845AS
AGENCY: SARASOTA SHERIFF'S OFFICE
AGENCY NO.: 16-083351
OBTS NO.: 5801237006
BOOKING NO.: 16-13443
CHARGE(S): AGGRAVATED BATTERY WITH GREAT
BODILY HARM (FIREARM)

NOLLE PROSEQUI

THE STATE OF FLORIDA, represented by Ed Brodsky, State Attorney of the

Twelfth Judicial Circuit, hereby enters this, its Nolle Prosequi in the

above-styled case, this the ___9TH___ day of August, 2017 at Sarasota,

Sarasota County, Florida.

ED BRODSKY, STATE ATTORNEY
TWELFTH JUDICIAL CIRCUIT

By: _____
KENNEDY LEGLER
Assistant State Attorney
Florida Bar #92829
2071 Ringling Blvd., 4Th FL
Sarasota, FL
E-mail: KLEGLER@SCGOV.NET
E-service: saorounds@scgov.net

CC: KERRY E MACK

NP1-Efile

## MARTELLI Vs. SSO / SAO

## Final Demand for Compensation under 768.28

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Postmark Here
Sent To Sheriff Knight
Street, Apt. No.; or PO Box No.
City, State, ZIP+4
PS Form 3800, June 2002    See Reverse for Instructions

7005 1820 0002 1175 6915

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
For delivery information visit our website at www.usps.com®

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Postmark Here
Sent To Sarasota BOCC
Street, Apt. No.; or PO Box No.
City, State, ZIP+4
PS Form 3800, June 2002    See Reverse for Instructions

7005 1820 0002 1175 6939

CERTIFIED MAIL RECEIPT
For delivery information visit our website at www.usps.com®

Certified Mail Fee $
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $
Postage $
Total Postage and Fees $
Postmark Here
4/24/18
JMM 5/3/18
Sent To Detective David Tuck
Street and Apt. No., or PO Box No. SSD 2071 Ringling Blvd
City, State, ZIP+4 Sarasota FL 34256
PS Form 3800, April 2015    See Reverse for Instructions

7016 3560 0000 8015 5995

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
For delivery information visit our website at www.usps.com®

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $
Postmark Here
Sent To FL Dept Fin Svcs – CFO
Street, Apt. No.; or PO Box No. 200 E Gaines St
City, State, ZIP+4 Tallahassee FL 32399
PS Form 3800, June 2002    See Reverse for Instructions

7005 1820 0002 1175 5437

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Detective David Tuck
c/o Sarasota County Sheriff's Dept.
2071 Ringling Blvd.
Sarasota, FL 34236

9590 9402 3505 7275 7083 88

2. Article Number (Transfer from service label)
7016 3560 0000 8015 5995

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sheriff Thomas Knight
Sarasota County Sheriff's Office
2017 Ringling Blvd
Sarasota FL 34236

9590 9402 2462 6249 0300 66

2. Article Number (Transfer from service label)
7005 1820 0002 1175 6915

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Chief Financial Officer
FL Dept. Financial Svcs
200 East Gaines St
Tallahassee, FL 32399-0000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

Received by: Sarah Blocker
FL Received by (Printed Name) SERVICES    C. Date of Delivery
DEPT OF FINANCIAL
TALLAHASSEE, FL 32399-0317

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7005 1820 0002 1175 5437

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

(reverse side, rotated)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Sarasota County
Bd. of County Commissioners
1666 Ringling Blvd #2
Sarasota FL 34236

9590 9402 2462 6249 0300 97

2. Article Number (Transfer from service label)

# MACK LAW FIRM CHARTERED
## Trial & Appellate Lawyers
### www.macklawfirm.org

2022 Placida Road
Englewood, Florida 34224-5204
Telephone: 941.475.7966
Facsimile: 941.475.0729

Kerry E. Mack, Esq.
Jacqulyn Mack-Majka, Esq.
W. Carrington Lewis, Esq.

May 04, 2018

Sheriff Thomas Knight
c/o Sarasota County Sheriff's Office
6010 Cattleridge Boulevard
Sarasota, FL 34232
(RRR No.:7005 1820 0002 1175 6915)

Sarasota County
Board of County Commissioners
1660 Ringling Boulevard #2
Sarasota, FL 34236
(RRR No.:7005 1820 0002 1175 6939)

Detective David Tuck Badge # 1053
c/o Sarasota County Sheriff's Office
6010 Cattleridge Boulevard
Sarasota, FL 34232
(RRR No.:7016 3560 0000 8015 5995)

Florida Office of Financial Services
Chief Financial Officer
200 East Gaines Street
Tallahassee, FL 32399-0322
(RRR No.:7005 1820 0002 1175 5437)

Re:    **State of Florida vs. Jeanne F. Martelli**
       **Case No.:    2016-CF-017257-NC**
       **SSO Case No.:  16-83351**
       **Date: 12/2/2016**

To Whom It May Concern:

Pursuant to Florida Statutes §768.28, please accept this letter as demand for compensation and supplemental statutory notice of our firm's representation of Jeanne F. Martelli in regard to claims arising out of official police actions taken against her by the Sarasota County Sheriff's Office and subsequent Information filed by the Office of the State Attorney for the Twelfth Judicial Circuit, charging Jeanne F. Martelli with Aggravated Battery with Great Bodily Harm (Firearm) pursuant to Fla. Stat. §784.045(1)(a)(1) and §775.087. The agency and court case numbers are referenced above.

In accordance with Florida Statutes §768.28(6), please be advised of the following information regarding my client:

|  |  |  |
|---|---|---|
| Name | : | Jeanne F. Martelli |
| Date of Birth | : | 3/13/1965 |
| Place of Birth | : | Massachusetts |
| SSN | : | 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 |

No prior adjudicated unpaid claims in excess of $200 exist.

It is our position that the Sarasota County Sheriff's Office employees, directed by Sheriff Thomas Knight, acted under color of law to deprive Jeanne Martelli of certain constitutionally protected rights. As a direct and proximate result of the violations of Ms. Martelli's constitutional rights by Sarasota County Sheriff's Office law enforcement officers, Ms. Martelli suffered general and special damages and is entitled to relief under 42 U.S.C. § 1983 and Florida Statutes §766.032(3).  The letter constitutes a demand for compensation in the amount of $200,000.00 for the damages set forth herein, in addition to satisfying the condition precedent notice contained within Fla. Stat. § 768.28(6)(a) (eff. April 27, 2012- June 30, 2017).

Jeanne Martelli had the right to use deadly force because she reasonably believed that using such force was necessary to prevent William Anthony Tillis from inflicting upon her great bodily harm or imminent death, as he had previously committed a battery upon her, on April 27, 2013, which caused her to be transported to the Lee Memorial Hospital. Jeanne Martelli did not have a duty to retreat. Rather she had the right to stand her ground and defend herself from being battered by Mr. Tillis.

Sarasota County Sheriff's Office detective, David Tuck, who was primarily responsible for the investigation and for obtaining the arrest warrant and effectuating the arrest of Ms. Martelli, knew that the aforesaid battery had occurred because he obtained the arrest affidavit before he arrested her.  He also knew that deputies had responded to domestic disturbances at Ms. Martelli's request in the intervening years. Detective Tuck also knew that the alleged victim, William Anthony "Tony" Tillis, was a lifelong felon with numerous convictions for crimes of moral turpitude, drugs and alcohol. Detective Tuck knew this for a fact because he acquired Mr. Tillis' NCIC report on November 18, 2016, eighteen days before he unlawfully arrested Jeanne Martelli.

Despite actual knowledge of multiple factors that any reasonable law enforcement officer would have considered in favor of arresting Mr. Tillis for domestic battery, Detective Tuck ignored them. Instead Detective Tuck focused on the disposition of previous calls involving Ms. Martelli and Mr. Tillis, denial by Mr. Tillis that he battered Ms. Martelli before she shot him in self-defense, Ms. Martelli's alleged alcohol consumption the night of the shooting, and his *perception* that there was no sign of physical injury to Ms. Martelli despite his lack of medical background and failure to assist Ms. Martelli in obtaining medical treatment.

Detective Tuck's investigation of the events that occurred on November 18, 2016 is contrary to Florida law, Chapter 741.29, Florida Statutes, and the protocol established by the Sarasota County Sheriff's Office, General Order 23.4 revision date March 15, 2016. His decision to arrest Ms. Martelli exemplifies Sheriff Knight's failure to adequately train and supervise its employees such as Detective Tuck because the arrest should have never occurred.

As a result, without probable cause, the Sarasota County Sheriff Thomas Knight supervised and directed the members of his agency to deprive Ms. Martelli of her federal and state rights by inadequately and improperly investigating the shooting that occurred on November 18, 2016 at 75 N. Broadway Rd. Englewood, Sarasota County, Florida.

As a result, Ms. Martellli was unlawfully arrested on December 6, 2016. Compounding her rights deprivations, Ms. Martelli was subsequently charged with Aggravated Assault with a Firearm

and wrongfully prosecuted for standing her ground and defending herself with the justifiable use of force from another battery perpetrated by William Anthony "Tony" Tillis, the alleged "victim". See, *State of Florida v. Jeanne F. Martelli*, Case No.: 2016 CF 017257 NC (Fla. 12th Cir Ct.). Sarasota County Sheriff's Office officers failed to follow established law and protocol to determine which party was the aggressor when they responded to, and subsequently, purportedly investigated the events surrounding the domestic violence event at Ms. Martelli's residence on November 18, 2016.

Despite the fact that the Office of the State Attorney, Twelfth Judicial Circuit, eventually entered a *Nolle Prosequi*, on August 9, 2017, five days before Ms. Martelli's August 14, 2017 Stand Your Ground Immunity Hearing, the damage to Ms. Martelli was already done, as set forth herein.

Following the December 6, 2016 arrest, Martelli lost her job as a registered nurse at Sarasota Memorial Hospital because she was no longer eligible pursuant to standards of the Agency for Healthcare Administration. Ms. Martelli made $25,885.27 in the year prior to her arrest at Sarasota Memorial Hospital and remained unable to work in that profession for over a year. She was unable to recover the position even after the case was dropped because her good reputation was shattered due to her mugshot littering the internet page upon a search of her name. It seems a *Nolle Prosequi* is not a newsworthy event.

Ms. Martelli was forced to post a $10,000.00 bond deposit that was kept by the bondsman pursuant to the terms of the surety even after the charges were dropped by the State Attorney. Ms. Martelli's attorney's fees and costs totaling $15,000.00 for the defense of the criminal charge remain unreimbursed. Her property that was seized by the Sarasota County Sheriff's Office has not been returned to her to date despite the fact that the case has been dropped.

The economic losses pale in comparison to the mental anguish Ms. Martelli has suffered, and will continue to suffer, as a result of her false arrest, and civil rights deprivation perpetrated by Sarasota County Sheriff's Office.

Ms. Martelli's damages are a direct and proximate result of the aforesaid acts and conduct of the Sarasota County Sheriff's Office surrounding the criminal prosecution case. Ms. Martelli continues to suffer mental anguish due to the deprivation of her liberty. Therefore, Ms. Martelli demands compensation in the amount of $200,000.00 for her past and future mental pain and suffering, embarrassment, humiliation, deprivation of liberty and property, damage to reputation, disgrace, and injury to her good name, loss of time that can never be recovered, losses to business reputation and loss to business income.

Should you require additional information please do not hesitate to contact the undersigned.


Sincerely,

*s/ Jacqulyn Mack-Majka*

Jacqulyn Mack-Majka

JM/tm

# Office of the County Attorney

*County Attorney*
Stephen E. DeMarsh

*Deputy County Attorneys*
Frederick J. Elbrecht**
Alan W. Roddy
Karl A. Senkow

   *Board Certified City, County
   and Local Government Law
   **Board Certified Civil Trial Law



*Assistant County Attorneys*
Sarah E. Blackwell*
Scott T. Bossard
Bora S. Kayan
Maria D. Korn***
Christine B. Messier
Joshua B. Moye*
David M. Pearce
Thomas R. Wolfe

***Board Certified Labor and
   Employment Law

January 14, 2019

Kerry E. Mack, Esq.
The Mack Law Firm Chartered
2022 Placida Rd.
Englewood, FL 34224-5204

RE: Martelli v. Knight, et al. complaint

Dear Ms. Mack:

   Our office will be representing the Sheriff's Office Defendants in any lawsuit brought by Jeanne F. Martelli and we have received a copy of your proposed complaint. We have reviewed the relevant materials and believe the arrest of Ms. Martelli was lawful and based on probable cause. Accordingly, we will not be offering any settlement at this time.

   Please feel free to contact me if you wish to discuss any aspect of this matter.

                              Sincerely,

                              Frederick J. Elbrecht
                              Deputy County Attorney

cc:    Col. Kurt Hoffman
       Crystal Bailey
       Anne Howard

---



SARASOTA MEMORIAL NURSING AND REHABILITATION CENTER

December 8, 2016

Dear Jeanne,

This letter is to inform you that per The Agency for Health Care Administration (AHCA), you no longer meet the requirements for employment as of this date. ACHA notified us that they received an Arrest/Registration Notification from the Florida Department of Law Enforcement. According to Section 435.06(1)(c), Florida Statues, the employer must terminate the employment of any of its personnel found to be in noncompliance with the minimum standards of this chapter.

As such, your employment has been terminated, effective today. Please return your badge by mail at your earliest convenience. I ask that you remain from Sarasota Memorial Hospital property unless you have a medical emergency.

Sincerely yours,

Paula Cunningham, BA, BSN, RN, CCM

Director of Nursing Services

Sarasota Memorial Nursing and Rehab.

5640 Rand Blvd.

Sarasota, Florida 34238

**Denise Mathews**

| | |
|---|---|
| From: | bgscreen@ahca.myflorida.com |
| Sent: | Thursday, December 08, 2016 10:30 AM |
| To: | Denise Mathews |
| Cc: | bgscreen@ahca.myflorida.com |
| Subject: | Clearinghouse BGS Notification: Arrest/Registration Notification |

The Agency for Health Care Administration has received an Arrest/Registration Notification from the Florida Department of Law Enforcement for the person(s) listed below:

| Name | Date Changed |
|---|---|
| MARTELLI, JEANNE F | 12/8/2016 12:00:00 AM |

Please log in to the Clearinghouse results website at https://apps.ahca.myflorida.com/SingleSignOnPortal to verify the current eligibility status and to access and print a copy of the arrest/registration notification for your files.

According to Section 435.06(1)(c), Florida Statutes, the employer must terminate the employment of any of its personnel found to be in noncompliance with the minimum standards of this chapter or place the employee in a position for which background screening is not required unless the employee is granted an exemption from disqualification pursuant to s. 435.07. Additionally, per s. 435.12(c), An employer of persons subject to screening must maintain the employment status of all employees within the Clearinghouse. Initial employment status and any changes in status must be reported within 10 business days.

If you have any questions please contact the Agency for Health Care Administration at 850-412-4503 or email bgscreen@ahca.myflorida.com.

**Denise Mathews**

| | |
|---|---|
| From: | bgscreen@ahca.myflorida.com |
| Sent: | Thursday, December 08, 2016 10:30 AM |
| To: | Denise Mathews |
| Cc: | bgscreen@ahca.myflorida.com |
| Subject: | Clearinghouse BGS Notification: IMPORTANT Change in Eligibility for Current Employee |

The Agency for Health Care Administration was notified of a change in eligibility status for the person(s) listed below. Please note that you are receiving this notice because the individual(s) is listed as current employee on your 'Employee/Contractor' roster.

| Employee Name | Date Changed |
|---|---|
| MARTELLI, JEANNE F | 12/8/2016 12:00:00 AM |

Please log into the Clearinghouse Results Website at https://apps.ahca.myflorida.com/SingleSignOnPortal to view/print the updated result and to update your Employee/Contractor Roster.

According to Section 435.06(1)(c), Florida Statutes, the employer must terminate the employment of any of its personnel found to be in noncompliance with the minimum standards of this chapter or place the employee in a position for which background screening is not required unless the employee is granted an exemption from disqualification pursuant to s. 435.07.

If you have any questions please contact the Agency for Health Care Administration at 850-412-4503 or email bgscreen@ahca.myflorida.com.

AHCA BGS - Background Screening Result

Page 1 of 2



**Agency for Health Care Administration**

## Background Screening Result

Provider Name: SARASOTA
MEMORIAL NURSING AND
REHABILITATION CENTER
Printed by: Denise Mathews
License Number: 12310961

This individual's eligibility status as of 12/8/2016 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| JEANNE F MARTELLI | XXX-XX-7004 | 3/13/1965 | UNKNOWN | FEMALE |

Retained Prints Expiration Date: 7/18/2018
Clearinghouse Screening Available?: Yes

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 1/22/2016 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 1/22/2016 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | N/A | 1/22/2016 |

### Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| SARASOTA MEMORIAL NURSING AND REHABILITATION CENTER | Registered Nurse / Licensed Practical Nurse | 01/20/2016 | 11/07/2016 |
| | Employee or Contracted Staff Person | 12/08/2014 | |

AHCA BGS - Background Screening Result

Print Event: 13701606

Print Date: 12/8/2016

4/28/2013 Filed Lee County Clerk of Court - Criminal Division

# First Appearance Court Order
## 20th Judicial Circuit
### Lee County, Florida

**Defendant:** Tillis, William Anthony

**Aliases:**

**Case Numbers:** 13-015848CF

**Jacket Number:** 124334

**Arrest Number:** 746468

**Roll Case:**

The State must, within 24 hours, establish probable cause on each charge or release the defendant.

The Court does hereby find Probable Cause on the following charges and RELEASE CONDITIONS: The defendant acknowledges that he/she has been advised of the right to be represented by an attorney now, and at all other CRITICAL STAGES and of the rights on the plea form, and that this plea, conviction and sentence is acceptable. The Defendant understands that this conviction may be used on a subsequent felony score sheet and may be considered for purposes of deportation.

On Sunday, April 28, 2013, the defendant has been advised he or she is under arrest for the following charges:

| PC | Charge | Release | Sentence | Court Appearance |
|---|---|---|---|---|
| Yes | Battery touch Or Strike<br>M-784.03.1a1<br>13-015848CF<br>DV<br>Felony | Release: Bond<br>Bond: $2,500.00<br>Type: Cash/Surety<br>Plea: | | Date: 5/28/2013<br>Time: 8:30 AM<br>Room: 8-A<br>Type: Arraignment |
| Yes | Drug Equip-possess And Or Use<br>M-893.147.1<br>13-015848CF<br>Felony | Release: Bond<br>Bond: $1,000.00<br>Type: Cash/Surety<br>Plea: | | Date: 5/28/2013<br>Time: 8:30 AM<br>Room: 8-A<br>Type: Arraignment |
| Yes | Drive While Lic Susp Habitual Offender<br>F-322.34.5<br>13-015848CF<br>Felony | Release: Bond<br>Bond: $1,500.00<br>Type: Cash/Surety<br>Plea: | | Date: 5/28/2013<br>Time: 8:30 AM<br>Room: 8-A<br>Type: Arraignment |

**Counsel:** Court finds Defendant indigent and appoints PD

**Name:**

**ASA:** Matthew Roepstorff - Bar #91617

| Diversion: | |
|---|---|
| Conditions: | Stay Away from Location of Offense: 17881 N Tamiami Tr, N Fort Myers, FL 33903 |
| Probation: | |
| Other: | |
| Revoke Bond: | 13CF015348 |

| NO CONTACT ORDER AS A CONDITION(S) OF THE PRETRIAL RELEASED IN THE ABOVE CASE(S) |
|---|

X  No Direct/Indirect Contact with: Jeanne Matelli

___  No Violent Contact

___  Third Party Contact to discuss children's issues only

X  One time visit with law enforcement to get personal belongings

*Indirect contact includes but is not limited to mail, email, fax, telephone, text messaging, contact through another person, or in any other manner.*

This order shall continue in effect until disposition of the case or until modified by a court with jurisdiction over this case. Tillis, William Anthony was informed of this No Contact Order at First Appearance.

ANY VIOLATION OF THIS ORDER BY TILLIS, WILLIAM ANTHONY MAY RESULT IN ARREST WITHOUT BOND UNTIL FIRST APPEARANCE.

REVOKE BOND

Exhibit E

4/28/2013 Filed Lee County Clerk of Court - Criminal Division

| ADMINISTRATIVE | | | |
|---|---|---|---|
| OBTS Number **3607060645** | Agency Report Number **13-169708** | ARREST / NOTICE TO APPEAR — Lee County Sheriff's Office | Arrest:( X ) Juvenile:( ) Supplemental:( ) Notice to Appear:( ) Remand:( ) |
| Agency ORI Number **FL0360000** | Agency Arrest Number | Charge Type: ( M )( M )( F ) | Weapon Seized:( ) Type:( ) Court# |

**Location of Arrest (Include Name of Business)**
N/A 2690 N Tamiami Tr N Fort Myers FL 33917  Alpha A2

Clerk/Warrant Number
13CF015848, 13CF015848, 13CF015848

**Location of Offense (Name and Address)**
N/A 2690 N Tamiami Tr N Fort Myers FL 33917  Alpha A2

Date of Offense
04/27/2013

| Date of Arrest 04/27/2013 | Arrest Time 0257 | Booking Date 04/27/2013 | Booking Time | Finger Printed by: | Finger Print Type: |
|---|---|---|---|---|---|
| Jail Date | Jail Time | Jail No | County ID No | Other Local No | FDLE No | DOC No | FBI No |

**DEFENDANT**

Name (last, first, middle)
Tillis, William Anthony

Alias/Moniker

| Race: ( W ) | Sex: ( M ) | DOB: 08/07/1979 | HT: 6'0" | WT: | Eye Col | Hair Col | Complex ( ) |
|---|---|---|---|---|---|---|---|

Build ( )  Scars, Marks, Tattoos:

| Indication of: Alcohol Influence: ( )  Drug Influence: ( ) | BAC #: .000 | Place of Birth Country/State - US | Citizenship ( Y ) US |
|---|---|---|---|

| Local Address (Street, Apt #) 17881 N Tamiami TRL | City N Ft Myers | State FL | Zip 33903 | Phone |
|---|---|---|---|---|

| Permanent Address (Street, Apt #) 17881 N Tamiami TRL | City N Ft Myers | State FL | Zip 33903 | Phone |
|---|---|---|---|---|

| Business Address (Name, Street) | City | State | Zip | Phone |
|---|---|---|---|---|

| Res Type: ( ) | Occupation: | Driver's Lic No: T-420-921-79-327-0 | State FL | SS #: | Immigration No. |
|---|---|---|---|---|---|

Nearest Relative

| Street | City | State | Zip | Phone |
|---|---|---|---|---|

**CO-DEF**

| Co-Defendant Name (Last, First, Middle) | Race ( ) | Sex ( ) | DOB or Age |
|---|---|---|---|
| Co-Defendant Name (Last, First, Middle) | Race ( ) | Sex ( ) | DOB or Age |

**CHARGE**

| Charge Description #1 Clerk/Warrant Number - 13CF015848 BATTERY - TOUCH OR STRIKE | Counts ( X ) F.S. Citation ( ) ( ) Ord | Dom Viol: ( X ) | Violation No 784.03 (1a1) DV Injury: ( X ) | Narc Act ( N ) Type ( N ) Amt / Unit 0 | Bond Charge # Type ( ) |
|---|---|---|---|---|---|
| Charge Description #2 Clerk/Warrant Number - 13CF015848 DRUG EQUIP-POSSESS - AND OR USE | Counts ( X ) F.S. Citation ( ) ( ) Ord | Dom Viol: ( ) | Violation No 893.147 (1) DV Injury: ( ) | Narc Act ( N ) Type ( N ) Amt / Unit 0 | Bond Charge # Type ( ) |
| Charge Description #3 Clerk/Warrant Number - 13CF015848 NONMOVING TRAFFIC VIOL.- DRIVE WHILE LIC SUSP HABITUAL OFFENDER | Counts ( X ) F.S. Citation ( ) ( ) Ord | Dom Viol: ( ) | Violation No 322.34 (5) DV Injury: ( ) | Narc Act ( N ) Type ( N ) Amt / Unit 0 | Bond Charge # Type ( ) |
| UCR Code #1 | UCR Code #2 | | UCR Code #3 | | |

**AUTO**

| Year 2005 | Make Toyota | Model RAV4 | Tag 454FX2 | Color Black | VIN # JTEHD20V156041106 |
|---|---|---|---|---|---|

Location of Vehicle / Towed From

Removed by / Stored At
JAMIES TOWING/JAMIES TOWN

**NOTICE**

| ( ) Mandatory Appearance in Court | Location (Court Room No, Address) | | | | |
|---|---|---|---|---|---|
| | Month: | Day: | Year: | Time: | ( ) A.M. ( ) P.M. |
| ( ) You need not appear in Court but must comply with instructions on the reverse side | Location (Court Room No, Address) | | | | |
| | Month: | Day: | Year: | Time: | ( ) A.M. ( ) P.M. |

I Promise to appear at the above Date, Time, and assigned Court room, to answer the offense charged, or to pay the fine subscribed. Failure to appear will result in the issuance of a PICK-UP ORDER OR WARRANT.

Signed:

| Signature of Defendant | Supervisor review and approval Sergeant Andrea Fisher |
|---|---|

A-1

960092243

4/28/2013 Filed Lee County Clerk of Court - Criminal Division

OFFICE OF THE SHERIFF, LEE COUNTY, FLORIDA

THIS FORM IS TO BE COMPLETED FOR ALL CRIMES INVOLVING A VICTIM.

DATE 4/27/13    DISTRICT/COMPONENT Alpha    CFS # 13/69708

DEPUTY/MEMBER NAME Spencer 12087    I.D. # 12087

DEFENDANT Tillis, William

OFFENSE (S) Battery (D.V)

### VICTIM INFORMATION

MANDATORY CONTACT WHEN DEFENDANT IS RELEASED? _____

CONTACT PHONE _____    CONTACT PERSON _____

NAME Jeanie Martelli

D.O.B. 3/13/65    SEX Female    RACE white

ADDRESS 17881 N. Tamiami Trail

CITY NFM.    STATE FL    ZIP 33903

HOME PHONE _____    WORK PHONE _____

NOTIFIED VICTIM / FAMILY OF INCIDENT? _____

REFERED TO _____    DATE / TIME _____
            (SERVICE AGENCY)

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

### CONTACT INFORMATION
### (IF VICTIM IS A MINOR OR DECEASED)

NAME _____

ADDRESS _____

CITY _____    STATE _____    ZIP _____

HOME PHONE _____    WORK PHONE _____

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

### WITNESS INFORMATION

1)  NAME _____
D.O.B. _____    SEX _____    RACE _____
ADDRESS _____
CITY _____    STATE _____    ZIP _____
HOME PHONE _____    WORK PHONE _____

2)  NAME _____
D.O.B. _____    SEX _____    RACE _____
ADDRESS _____
CITY _____    STATE _____    ZIP _____
HOME PHONE _____    WORK PHONE _____

ORIGINAL - VICTIM ADVOCATE    1ST COPY TO - SAO.    2ND COPY TO - JAIL
                                        LCSO Form 9 (revised April 27, 2006)

6/19/2013    Filed - Lee County Clerk of Courts - Criminal Division

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                          CRIMINAL DIVISION

**State of Florida vs    William A Tillis**        **Case Number:    13-CF-015848**

**Minutes**

| | | | |
|---|---|---|---|
| Time: | 1017 | Court Room: | Courtroom 4-B |
| Judge: | Bruce E Kyle | State Attorney: | 567061/7(518) |
| Court Reporter/Smart: | Smart | Defense Attorney: | Angelique Bettina Agoston |
| Deputy Sheriff: | Basara | Deputy Clerk: | Ashley |
| Date of Action: | 06/19/2013 | Custody Status: | IC |
| DOB: 09/07/1979 | Gender: Male | Race: White | Social: |
| Arrest Date: 04/27/2013 | Arrest Agency: Lee County Sheriff | | Location: Lee County |

| Count | Description | Statute - Degree | Filed Status | Reopened Reason |
|---|---|---|---|---|
| 1. | BATTERY TOUCH OR STR | 784.03(1a1) - MF | FT | |
| 2. | DRIVE WHILE LIC SUSP | 322.34(5) - FT | FI | |

**APPEARANCE**
✓ Present w/attorney _____ Present by/attorney _____ Present w/o attorney _____ w/interpreter _____ Failed to appear
_____ BW Ordered-Hold No Bond _____ BW Ordered-Bond Set @ $
_____ ROR Revoked _____ PTR Revoked
_____ Bond Estreature Ordered
_____ Set Aside BW (Notify Clerk's Office/LCSO) _____ Set Aside Estreature

**CONTINUANCE**
_____ Cont. to _____ @ _____ AM / PM in Courtroom 4A 7A 7B 8A 8B _____
_____ Continued by _____ State _____ Defense _____ Judge
_____ for _____ EID _____ TR _____ SE _____ CMC _____ PTC _____ Plea _____ Pre- Trial Diversion
_____ Speedy Trial Waived _____ Speedy Trial Tolled
_____ Screen for _____ MHC _____ DC _____ PTD
_____ Pre-Sentence Investigation/Pretrial Disposition Report _____ Ordered _____ Waived _____ None

**PLEA**
_____ Guilty ✓ Nolo Contendere _____ Ea Ct ✓ Ct(s) 2
✓ As Charged _____ Amended Offense _____ Lesser Offense _____ Ea Ct ✓ Ct(s) 2
_____ State Orally Amends Information in Open Court as to Ct (s) _____
_____ Charge(s) _____
_____ Statute(s) _____ Degree _____ Misdemeanor / Felony
_____ Formal Filing of Information is Waived _____ Information Filed in Open Court _____ Entering Plea to Traffic Citation

**ADJUDICATION**
✓ Adjudicated Guilty _____ Ea Ct _____ Ct(s) 2
_____ Adjudication Withheld _____ Ea Ct _____ Ct(s) _____
_____ Adjudicated Delinquent (Juvenile)

**DISPOSITION**
✓ Nolle Prosse _____ Ea Ct ✓ Ct(s) 1
_____ Dismissed _____ Ea Ct _____ Ct(s) _____
_____ Merged & Dismissed _____ Merge Count(s) _____ Into Count _____ for Sentencing & Dismissal

**VERDICT**
_____ Guilty by Jury _____ Not Guilty by Jury _____ Mistrial
_____ Guilty of Lesser Offense _____
_____ Remanded Into Custody w/out Bond

DEFENDANT / ATTORNEY _____ FL BAR # _____

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Court Operations Manager, whose office is located at Lee County Justice Center, 1700 Monroe Street, (Entrance located at 2075 Martin Luther King Jr. Blvd) Fort Myers, FL 33901, and whose telephone number is (239) 533-1700, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Received by: _____ _____ _____
LCSO          Date          Judge          Rev.08/21/2012

Exhibit F

6/19/2013    Filed - Lee County Clerk of Courts - Criminal Division

Continuation of proceedings on 06/19/2013
For **William A Tillis**                On Case: 13-CF-015848

**SENTENCE**    (Previously Pled Nolo / Guilty on _____ Found Guilty by Jury on _____ )

**PRISON:** _____ MM/YY _____ Each Ct _____ Count(s) _____
_____ Ea Ct Concurrent _____ and Concurrent w/ _____
_____ Consecutive _____ Ct(s) _____
_____ Minimum Mandatory _____ MM/ YY _____ Ct(s) _____
_____ Sentence Suspended

**JAIL:** _____ DD/MM/YY _____ Each Ct _____ Count(s) _____
_____ Ea Ct Concurrent _____ and Concurrent w/ _____
_____ Consecutive _____ Ct(s)
_____ As a Condition of Probation _____ Followed By Probation
_____ CTS _____ DD / MM/ YY                     _____ DOC to Compute Prison Time
_____ Weekend Jail Time Fri 6PM to Sun 6 PM _____ Day Work Program
_____ Beginning
_____ Sentence Suspended

**COMM CONTROL:** _____ MM/YY _____ Each Ct _____ Count(s) _____
_____ Each Count Concurrent _____ And Concurrent with Case(s) _____

**PROBATION:** _____ 18 ⊛MM/YY _____ Each Ct ✓ Count(s) 2

✓ S-State _____ R-County _____ Drug Offender Probation
_____ Sex Offender Probation _____ FDLE Fingerprints taken in Court (Sex Offenders/Predators)
_____ Each Count Concurrent ✓ and Concurrent with Case(s) 13 CF/5548
_____ Consecutive _____ Ct(s)
_____ One Time Cost of Supervision $ _____
_____ May petition the Court for _____ Early Termination _____ Half early out of Supervision (Once all conditions are met)
_____ No early termination of Supervision _____ May transfer probation to _____
_____ Curfew From _____ AM / PM to _____ AM / PM
_____ Curfew maybe modified by Probation for treatment and/or work purposes
_____ Report to Probation today ✓ Report to Probation upon Release within _by noon tomorrow_
                                                                        6/20/13

**SENTENCING PROVISIONS**
_____ Perform _____ hours of Community Service within _____ DD / MM/ YY
_____ Sentenced as _____ Habitual Felony Offender _____ Habitual Violent Felony Offender _____ Prison Release Re-offender
_____ An Adult _____ Youthful Offender _____ Ct(s) _____
✓ DNA Testing-Taken ✓ at LCJ _____ in Court
_____ No Contact w/ Victim (s) _____ No Violent Contact w/ Victim(s) _____
_____ DL SUSP / REV _____ DD / MM / YY _____ May Apply for Hardship License after Six Months
_____ DUI Attend _____ Victim Impact Panel _____ Lee Memorial High Risk Driver's/Trauma Course
_____ DUI-Attend DUI School _____ Phase 1 _____ Phase 2
_____ DUI –Impound Vehicle for _____ Days as a condition of Probation unless statutory conditions are met
_____ Ignition Interlock Device Ordered for _____ DD/MM
_____ Be evaluated/screened for Substance Abuse by SWFAS (or equivalent program) enter & complete outpatient
       aftercare; follow recommendations. Complete on 1st attempt
_____ Drug Testing Without probable cause at own expense; during period of supervision
✓ Remain in Custody until bed space becomes available
✓ Attend & Complete Program: _____ RSAT _____ Life Skills Program _____ Anti-Theft School _____ Mile Post Program
       ✓ Anger Management Program _____ Batterer's Intervention Program
_____ Stay away from Place of Arrest _____
_____ Other _____
_____ Remanded into Custody _____ Release from Custody on this case only

**REVOCATION HEARINGS:** ( _____ State _____ County)
_____ Arraigned _____ PL NG/Denies VOP/VOCC _____ PL G/Admits VOP/VOCC
_____ Hrg set for _____ Rev Hrg Cont to _____ VOP Advisement Cont to
_____ Date _____ @ _____ AM / PM in Courtroom 4A  7A  7B  8A  8B _____
_____ Adjudicated Guilty _____ Adjudication Withheld
_____ Court finds defendant guilty of violation(s); ruling read into Court record (no need to record each violation)
_____ Probation/Community Control _____ Modified _____ Reinstated _____ Continue on Probation _____ Revoked
_____ Probation extended for _____ MO / YR from original term date
_____ Same terms and conditions apply as previously imposed
_____ All Standard, Special Terms, Conditions, & Financials are terminated
_____ Dismiss Warrant _____ (Notify Clerk's Office/LCSO)

Received by: _____
                LCSO                    Date                    Judge                    Rev.08/21/2012

6/19/2013    Filed - Lee County Clerk of Courts - Criminal Division

Continuation of proceedings on 06/19/2013
For **William A Tillis**.                          On Case:  **13-CF-015848**

**MOTIONS**
_____ Set Bond _____ Reduce Bond _____ Revoke Bond _____ Revoke PTR _____ Revoke ROR
_____ Bond Set @ $_____
_____ Motion to Suppress _____ Motion in Limine _____ Competency Hearing _____ W/draw as Counsel _____ W/draw Plea
_____ New Trial _____ Continuance _____ Dismiss _____ Clarify or Correct Sentence _____
_____ Early Term of Probation _____State _____County
_____ HFO Hrg _____ HVFO Hrg _____ PRR Hrg _____ Post Conviction (3.850) _____ Nelson Farretta Hrg _____ Jimmy Ryce Hrg.
_____ Expunge/Seal (Outstanding monetary obligations must be addressed in court & the $42.00 fee must be paid to Clerk's
        Office before case is officially expunged /sealed)
_____ Motion for Judgment of Acquittal
_____ Other _____

**MOTION RESULTS**
_____ Granted _____ Denied _____ Reserves Ruling _____ Withdrawn _____ Cancelled prior to court _____ Not Addressed
_____ Other _____

**FINE ASSESSMENTS**
✓ Fine $ _ 250 _____ (775.083)
✓ 5% Surcharge $ _ 12.50 _ (938.04)

**MANDATORY ASSESSMENTS**
✓ Court Cost
    (775.083 / 938.01 / 938.03 / 938.05 / 938.06 / 939.185)
    ✓ $413.00 _____ $383.00 _____ Other $_____
    If Ordered Under – Reason:

_____ $2.00 Law Enforcement Education (938.15 w/ Ord.)
_____ $33.00 Certain Traffic Offense Court Cost (318.17/318.18)
_____ $135.00 DUI Add'l Court Costs (938.07)
_____ $70.00 Reckless Driving Court Cost (318.18 / 316.192)
_____ $5.00 Leaving the Scene Add'l Court Cost (316.061)
_____ $195.00 BUI Add'l Court Cost (938.07 / 327.35)
_____ $201.00 Domestic Violence Surcharge (938.08)
_____ $151.00 Rape Crisis Trust Fund (938.085)
_____ $151.00 Crimes Against Minors (938.10)
_____ $5000.00 Civil Penalty (796.07)

**DISCRETIONARY ASSESSMENTS**
_____ $_____ Alcohol & Drug Abuse Program
        Up to fine amount (938.21)
_____ $100.00 FDLE Trust Fund/State Crime Lab (938.25)
_____ $_____ Investigative Fee to:
        _____ FMP _____ LCS _____ FDLE _____ Statewide Pros
        _____ Other _____ (938.27)
_____ Worthless Check Diversion Fee $_____ (832.08)
_____ Diversion Cost of Supervision $_____ (948.09)

**ATTORNEY FEES & SURCHARGES**
✓ $50.00 Public Def Application Fee (27.52)
_____ Add'l Application Fees $_____
        (Must be Addressed on the Record)
_____ Defense Attorney Costs at Conviction (938.29)
        _____ $50.00 ✓ $100.00 _____ Other $_____
✓ Cost of Prosecution (938.27)
        _____ $50.00 ✓ $100.00 _____ Other $_____

**RESTITUTION**
_____ Court Orders Restitution & Reserves on Amount _____
_____ Restitution $_____ to

_____ Minimum Payment of $_____ per Month to:

_____ As a Condition of Probation
_____ Restitution is Ordered Joint & Several with Co-defendant(s)

_____ Continue Restitution payments of:
        $_____ each month (VOP)

**DISPOSITION OF MONETARY OBLIGATIONS**
_____ Monetary Obligations Due within _____ DD/MM/YY
✓ Monetary Obligations, excluding Restitution & Attorney Fees, & COS
        Fees May Be Converted to Community Service at $10 per Hour
_____ Monetary Obligations Reduced to Judgment (excluding Restitution)
_____ Monetary Obligations Referred to Clerk of Court Collections
_____ Monetary Obligations to be paid to the Department of Corrections
_____ Monetary Obligations Due & Owing Carried Forward (VOP)

_____ Minimum Payment of $_____ per Month Toward
        Financial Obligations

_May have no violent contact w/ victim_
_Jerry Martelan_
_but may have contact w/ victim_

Unpaid financial obligations still remaining 90 days after payment due date will be referred by the Clerk of Court to a collection agency
and an additional fee of up to 40% of the outstanding balance owed will be added at that time (28.246).

Failure to comply with payment of financial obligations may result in a suspension of your driver license privilege (322.245).

Mandatory assessments are imposed and shall be included in the judgment without regard to whether the assessment was announced
in open court.

Received by: _____          _____
             LCSO                Date            Judge

Rev.08/21/2012

5/23/2016 10:51 AM   Filed Lee County Clerk of Courts

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA                              CRIMINAL DIVISION

**State of Florida vs    William A Tillis**        **Case Number:   13-CF-015848**

**Minutes**

| | | |
|---|---|---|
| Time: **853 AM** | Court Room: | Courtroom 8-A |
| Judge: Bruce E Kyle | State Attorney: | Thomas  103398 |
| Court Reporter/Smart: | Defense Attorney: | Joseph Michael Dernbach |
| Deputy Sheriff: Burns/Reisman/Michalopoulos | Defense Clerk: | Michelle EP Siggs |
| Date of Action: 05/23/2016 | Custody Status: | ROR |

DOB:   09/07/1979        Gender:    Male           Race:    White          Social: ▓▓▓▓▓▓▓▓
Arrest Date:    04/27/2013        Arrest Agency:   Lee County Sheriff        Location:   Lee County

| Count 2. | Description DRIVE WHILE LIC SUSP | Statute - Degree 322.34(5) - FT | Filed Status FI | Reopened Reason VOP |
|---|---|---|---|---|

**APPEARANCE**
_√_ Present w/attorney _____ Present by/attorney _____ Present w/o attorney
_____ Present w/interpreter _____ Interpreter Services Requested-Language_____
_____ Failed to appear _____ BW Ordered-Hold No Bond _____ BW Ordered-Bond Set @ $_____
_____ ROR Revoked _____ PTS Revoked
_____ Bond Estreature Ordered _____ Set Aside Estreature_____ Set Aside BW (Notify Clerk's Office/LCSO)

**CONTINUANCE**
_____ Cont. to _____@_____ AM / PM in Courtroom  4A  7A  7B  8A  8B  _____
_____ Continued by _____ State _____ Defense _____ Judge
_____ for _____ ERC _____ TR _____ SE _____ CMC _____ PTC _____ Plea _____ Pre- Trial Diversion _____ Pre- Trial Diversion 6A
_____ Speedy Trial Waived _____ Speedy Trial Tolled _____
_____ Screen for _____ MHC _____ DC _____ PTD _____
_____ Pre-Sentence Investigation/Pretrial Disposition Report _____ Ordered _____ Waived _____ None

**PLEA**
_____ Guilty _____ Ea Ct _____ Ct(s) _____
_____ Nolo Contendere _____ Ea Ct _____ Ct(s) _____
_____ As Charged _____ Amended Offense _____ Lesser Offense _____ Ea Ct _____ Ct(s) _____
_____ State Orally Amends Information in Open Court as to Ct (s) _____
_____ Charge(s) _____

Statute(s) _____Degree _____Misdemeanor / Felony
_____ Formal Filing of Information is Waived _____ Information Filed in Open Court _____ Entering Plea to Traffic Citation

**ADJUDICATION**
_____ Adjudicated Guilty _____ Ea Ct _____ Ct(s) _____
_____ Adjudication Withheld _____ Ea Ct _____ Ct(s) _____
_____ Adjudicated Delinquent (Juvenile) _____

**DISPOSITION**
_____ Nolle Prosse _____ Ea Ct _____ Ct(s) _____
_____ Dismissed _____ Ea Ct _____ Ct(s) _____
_____ Merged & Dismissed _____ Merge Count(s) _____into Count _____ for Sentencing & Dismissal

**VERDICT**
_____ Guilty by Jury _____ Ct(s) _____     _____ Not Guilty by Jury _____ Ct(s) _____
_____ Mistrial
_____ Guilty of Lesser Offense_____                            Statute _____
_____ Remanded into Custody w/out Bond

_____                    _____
DEFENDANT / ATTORNEY                              FL BAR #

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Brooke Dean, Operations Division Manager, whose office is located at Lee County Justice Center, 1700 Monroe Street, Fort Myers, FL 33901, and whose telephone number is (239) 533-1771, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Exhibit G

Continuation of proceedings on 05/23/2016
**For William A Tillis**                     On Case: **13-CF-015848**

**SENTENCE**      (Previously Pled Nolo / Guilty on _____ Found Guilty by Jury on _____)

**PRISON:** _____ MM/YY_____ Each Ct _____ Count(s) _____
_____ Ea Ct Concurrent _____ and Concurrent w/ _____
_____ Consecutive _____ Ct(s) _____
_____ Minimum Mandatory _____ MM/ YY _____ Ct(s) _____
_____ Sentence Suspended

**JAIL:** _____ DD/MM/YY _____ Each Ct _____ Count(s) _____
_____ Ea Ct Concurrent _____ and Concurrent w/ _____
_____ Consecutive _____ Ct(s) _____
_____ As a Condition of Probation _____ Followed By Probation
_____ CTS _____ DD                       _____ DOC to Compute Prison Time & Prior Jail Time
_____ Weekend Jail Time Fri 6PM to Sun 6 PM _____ Day Work Program
_____ Beginning _____  Days Prior to Sentencing
_____ Sentence Suspended                          Days from VOP/VOCC Arrest on Split Sentence

**COMM CONTROL:**
_____ Each Count Concurrent _____ And Concurrent with Case(s) _____ MM/YY _____ Each Ct _____ Count(s) _____

**PROBATION:** _____ 6 (MM) YY _____ Each Ct _____ Count(s) _____
_✓_ S-State _____ R-County _____ Drug Offender Probation _____ Intensive Supervision
_____ Sex Offender Probation _____ FDLE Fingerprints taken in Court (Sex Offenders/Predators)
_____ Each Count Concurrent _✓_ and Concurrent with Case(s) 13-CF-15348
_____ Consecutive _____ Ct(s) _____
_____ One Time Cost of Supervision $ _____
_✓_ May petition the Court for _✓_ Early Termination _____ Half early out of Supervision (Once all conditions are met)
_____ No early termination of Supervision _____ May transfer probation to _____
_____ Curfew From _____ AM / PM to _____ AM / PM
_____ Curfew maybe modified by Probation for treatment and/or work purposes
_✓_ Report to Probation today _____ Report to Probation upon Release within _____

**SENTENCING PROVISIONS**
_____ Perform _____ hours of Community Service within _____ DD / MM/ YY
_____ Sentenced as _____ Habitual Felony Offender _____ Habitual Violent Felony Offender _____ Prison Release Re-Offender
_____ An Adult _____ Youthful Offender _____ Ct(s) _____
_____ DNA Testing-Taken _____ at LCJ _____ in Court
_____ No Contact w/ Victim (s) _____ No Violent Contact w/ Victim _____
_____ DL SUSP / REV _____ DD / MM / YY _____ May Apply for Hardship License after Six Months
_____ DUI Attend _____ Victim Impact Panel _____ Lee Memorial High Risk Driver's/Trauma Course
_____ DUI-Attend DUI School _____ Phase 1 _____ Phase 2
_____ DUI ~Impound Vehicle for _____ Days as a condition of Probation unless statutory conditions are met
_____ Ignition Interlock Device Ordered for _____ DD/MM
_____ Be evaluated/screened for Substance Abuse by SalusCare, Inc. (or equivalent program) enter & complete outpatient
         aftercare; follow recommendations. Complete on 1st attempt
_____ Drug Testing Without probable cause at own expense; during period of supervision
_____ Remain in Custody until bed space becomes available
_____ Attend & Complete Program: _____ RSAT _____ Life Skills Program _____ Anti-Theft School _____ Mile Post Program
         _____ Anger Management Program _____ Batterer's Intervention Program
_____ Stay away from Place of Arrest _____
         _____ Other _____
_____ Remanded into Custody _____ Release from Custody on this case only

**REVOCATION HEARINGS:** ( _✓_ State _____ County)
_____ Arraigned _____ Pl. NG/Denies VOP/VOCC _✓_ Pl G/Admits VOP/VOCC
_____ Hrg set for _____ Rev Hrg Cont to _____ VOP Advisement Cont to
         Date _____ @ _____ AM / PM in Courtroom 4A  7A  7B  8A  8B _____
_____ Adjudicated Guilty _____ Ct(s) _____
_____ Adjudication Withheld _____ Ct(s) _____
_____ Court finds defendant guilty of violation(s); ruling read into Court record (no need to record each violation)
_✓_ Probation/Community Control _✓_ Modified _____ Reinstated _____ Continue on Probation _____ Revoked
_____ Probation extended for _____ MO / YR from original term date
_✓_ Same terms and conditions apply as previously imposed
_____ All Standard, Special Terms, Conditions, & Financials are terminated
_____ Dismiss Warrant _____ (Notify Clerk's Office/LCSO)

Warrant dated 12-9-14

Continuation of proceedings on 05/23/2016
**For William A Tillis**                On Case: **13-CF-015848**

## MOTIONS
_____ Set Bond _____ Reduce Bond _____ Revoke Bond _____ Revoke PTR _____ Revoke ROR
_____ Bond Set @ $ _____
_____ Motion to Suppress _____ Motion in Limine _____ Competency Hearing _____ W/draw as Counsel _____ W/draw Plea
_____ New Trial _____ Continuance _____ Dismiss _____ Clarify or Correct Sentence _____
_____ Early Term of Probation _____ State _____ County
_____ HFO Hrg _____ HVFO Hrg _____ PRR Hrg _____ Post Conviction (3.850) _____ Nelson Farretta Hrg _____ Jimmy Rice Hrg
_____ Expunge/Seal (Outstanding monetary obligations must be addressed in court & the $42.00 fee must be paid to Clerk's
Office before case is officially expunged /sealed)
_____ Motion for Judgment of Acquittal _____
_____ Other _____

## MOTION RESULTS
_____ Granted _____ Denied _____ Reserves Ruling _____ Withdrawn _____ Cancelled prior to court _____ Not Addressed
_____ Other _____

## FINE ASSESSMENTS
_____ Fine $ _____ (775.083) _____ Ea Ct
$ _____ Ct 1; $ _____ Ct 4
$ _____ Ct 2; $ _____ Ct 5
$ _____ Ct 3; $ _____ Ct 6
$ _____
_____ 5% Surcharge $ _____ (938.04) _____ Ea Ct
$ _____ Ct 1; $ _____ Ct 4
$ _____ Ct 2; $ _____ Ct 5
$ _____ Ct 3; $ _____ Ct 6
_____ Fine Waived/Reduced 893.135 (4)

## MANDATORY ASSESSMENTS
_____ Court Cost
(775.083 / 938.01 / 938.03 / 938.06 / 939.185)
_____ $413.00 _____ $383.00 _____ Other $ _____
If Ordered Under - Reason:
_____
_____ $2.00 Law Enforcement Education (938.15 w/ Ord.)
_____ $33.00 Certain Traffic Offense Court Cost (318.17/318.18)
_____ $135.00 DUI Add'l Court Costs (938.07)
_____ $70.00 Reckless Driving Court Cost (318.18 / 316.192)
_____ $65.00 Racing Court Cost (318.18)
_____ $5.00 Leaving the Scene Add'l Court Cost (316.061)
_____ $195.00 BUI Add'l Court Cost (938.07 / 327.35)
_____ $201.00 Domestic Violence Surcharge (938.08)
_____ $151.00 Rape Crisis Trust Fund (938.085)
_____ $151.00 Crimes Against Minors (938.10)
_____ $5000.00 Civil Penalty (796.07)

## DISCRETIONARY ASSESSMENTS
$ _____ Alcohol & Drug Abuse Program
Up to fine amount (938.21)
_____ $100.00 FDLE Trust Fund/State Crime Lab (938.055)
_____ $ _____ Investigative Fee to:
_____ FMP _____ LCS _____ FDLE _____ Statewide Pros
_____ Other _____ (938.27)
_____ Worthless Check Diversion Fee $ _____ (832.08)
_____ Diversion Cost of Supervision $ _____ (948.09)
_____ Victim Restitution/Crime Compensation $ _____

## ATTORNEY FEES & SURCHARGES
✓ $50.00 Public Def Application Fee (27.52)
Add'l Application Fees $ _____ *waived by judge*
(Must be Addressed on the Record)
_____ Defense Attorney Costs at Conviction (938.29)
_____ $50.00 _____ $100.00 _____ Other $ _____
_____ Cost of Prosecution (938.27)
_____ $50.00 _____ $100.00 _____ Other $ _____

## RESTITUTION
_____ Court Orders Restitution & Reserves on Amount _____
_____ Restitution $ _____ to
_____
_____ Minimum Payment of $ _____ per Month to:
_____
_____ As a Condition of Probation
_____ Restitution is Ordered Joint & Several with Co-defendant(s)
_____
_____ Continue Restitution payments of:
$ _____ each month (VOP)

## DISPOSITION OF MONETARY OBLIGATIONS
_____ Monetary Obligations Due within _____ DD/MM/YY
_____ Monetary Obligations, excluding Restitution & Attorney Fees, & COS
Fees May Be Converted to Community Service at $10 per Hour
_____ Monetary Obligations Reduced to Judgment (excluding Restitution)
_____ Previous Only
_____ Monetary Obligations Referred to Clerk of Court Collections
_____ Monetary Obligations to be paid to Dept. of Corrections
✓ Monetary Obligations Due & Owing Carried Forward (VOP)
_____ Minimum Payment of $ _____ per Month Toward _____
Financial Obligations

Unpaid financial obligations still remaining 90 days after payment due date will be referred by the Clerk of Court to a collection agency
and an additional fee of up to 40% of the outstanding balance owed will be added at that time (28.246).
Failure to comply with payment of financial obligations may result in a suspension of your driver license privilege (322.245).

Mandatory assessments are imposed and shall be included in the judgment without regard to whether the assessment was announced
in open court.
Received by: _____ _____ _____
LCSO                            Date                        Judge

INSTR # 2013000149341, Doc Type JUD, Pages 3, Recorded 06/26/2013 at 10:33 AM,
Linda Doggett, Lee County Clerk of Circuit Court,   Deputy Clerk ERECORD

06/25/2013 Filed Lee County Clerk of Court - Criminal Division

**STATE OF FLORIDA**

FILED LEE CO. FLORIDA
CLERK OF COURTS

**2013 JUN 25 PM 3: 21**

-VS-

BY_____B.C.

**WILLIAM ANTHONY TILLIS**
Defendant

IN THE TWENTIETH JUDICIAL
CIRCUIT COURT, IN AND FOR
LEE COUNTY

CASE NUMBER   13-CF-015348

DC NUMBER   Y06985

## ORDER OF PROBATION

This cause coming before the Court to be heard, and you, the defendant, being now present before the court, and you
having

☒   entered a plea of nolo contendere to

Count 1   **DRIVE WHILE LICENSE SUSPENDED HABITUAL
OFFENDER-FELONY THIRD DEGREE**

**SECTION I: JUDGMENT OF GUILT**

☒   The court hereby adjudges you to be guilty of the above offense(s).

Now, therefore, it is ordered and adjudged that the imposition of sentence is hereby withheld and that you be placed
on Probation for a period of eighteen (18) months and concurrent with case #13-CF-015848 under the supervision
of the Department of Corrections, subject to Florida law.

**IT IS FURTHER ORDERED** that you shall comply with the following standard conditions of supervision as provided by Florida
law:

(1) You will report to the probation officer as directed.

(2) You will pay the State of Florida the amount of $50.00 per month, as well as 4% surcharge, toward the cost of your supervision in
accordance with s. 948.09, F.S., unless otherwise exempted in compliance with Florida Statutes.

(3) You will remain in a specified place. You will not change your residence or employment or leave the county of your residence
without first procuring the consent of your officer.

(4) You will not possess, carry or own any firearm. You will not possess, carry, or own any weapon without first procuring the
consent of your officer.

(5) You will live without violating any law. A conviction in a court of law is not necessary for such a violation of law to constitute a
violation of your probation, community control, or any other form of court ordered supervision.

(6) You will not associate with any person engaged in any criminal activity.

(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit
places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.

(8) You will work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the
best of your ability, as directed by your officer.

(9) You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in
your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.

Exhibit H

INSTR # 2013000149341 Page Number: 2 of 3

William Anthony Tillis
13-CP-015348

(10) You will pay restitution, court costs, and/or fees in accordance with special conditions imposed or in accordance with the attached orders.

(11) You will submit to random testing as directed by your officer or the professional staff of the treatment center where you are receiving treatment to determine the presence or use of alcohol or controlled substances.

(12) You will submit a DNA sample, as directed by your officer, for DNA analysis as prescribed in ss. 943.325 and 948.014, F.S. (Taken at Lee County Jail)

(13) You will submit to the taking of a digitized photograph by the department. This photograph may be displayed on the department's website while you are on supervision, unless exempt from disclosure due to requirements of s. 119.07, F.S.

(14) You will report in person within 72 hours of your release from incarceration to the probation office in Lee County, Florida, unless otherwise instructed by the court or department. (This condition applies only if section 3 on the previous page is checked.) Otherwise, you must report immediately to the probation office located at 2295 Victoria Avenue Room 163, Fort Myers, FL 33901.

## SPECIAL CONDITIONS

☒    15. Other: You will report to probation by noon, Tomorrow, June 20, 2013.

Effective for offenders whose crime was committed on or after September 1, 2005, there is hereby imposed, in additional to any other provision in this section, mandatory electronic monitoring as a condition of supervision for those who:

- Are placed on supervision for a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older; or
- Are designated as a sexual predator pursuant to s. 775.21; or
- Has previously been convicted of a violation of chapter 794, s. 800.04(4), (5), or (6), s. 827.071, or s. 847.0145 and the unlawful sexual activity involved a victim 15 years of age or younger and the offender is 18 years of age or older.

You are hereby placed on notice that should you violate your probation or community control, and the conditions set forth in s. 948.063(1) or (2) are satisfied, whether your probation or community control is revoked or not revoked, you shall be placed on electronic monitoring in accordance with F.S. 948.063.

Effective for offenders who are subject to supervision for a crime that was committed on or after May 26, 2010, and who has been convicted at any time of committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses listed in s. 943.0435(1)(a)1.a.(I), or a similar offense in another jurisdiction, against a victim who was under the age of 18 at the time of the offense; the following conditions are imposed in addition to all other conditions:

    (a) A prohibition on visiting schools, child care facilities, parks, and playgrounds, without prior approval from the offender's supervising officer. The court may also designate additional locations to protect a victim. The prohibition ordered under this paragraph does not prohibit the offender from visiting a school, child care facility, park, or playground for the sole purpose of attending a religious service as defined in s. 775.0861 or picking up or dropping off the offender's children or grandchildren at a child care facility or school.

    (b) A prohibition on distributing candy or other items to children on Halloween; wearing a Santa Claus costume, or other costume to appeal to children, on or preceding Christmas; wearing an Easter Bunny costume, or other costume to appeal to children, on or preceding Easter; entertaining at children's parties; or wearing a clown costume; without prior approval from the court.

YOU ARE HEREBY PLACED ON NOTICE that the court may at any time rescind or modify any of the conditions of your probation, or may extend the period of probation as authorized by law, or may discharge you from further supervision. If you violate any of the conditions of your probation, you may be arrested and the court may revoke your probation, adjudicate you guilty if adjudication of guilt was withheld, and impose any sentence that it might have imposed before placing you on probation or require you to serve the balance of the sentence.

IT IS FURTHER ORDERED that when you have been instructed as to the conditions of probation, you shall be released from custody if you are in custody, and if you are at liberty on bond, the sureties thereon shall stand discharged from liability. (This paragraph applies only if section 1 or section 2 is checked.)

Revised 07/01/11

INSTR # 2013000149341 Page Number: 3 of 3

William Anthony Tillis
13-CF-015348

**IT IS FURTHER ORDERED** that you pay the following charges/costs/fees if checked:

**CHECK ALL THAT ARE ORDERED:**

**FINES**

☒ **$250.00**  Total of fines assessed in sentence, pursuant to s. 775.083 (1)(a) through (g) or Chapter 316, F.S.
☒ **$12.50**  Statutorily mandated 5% surcharge/cost if fine assessed (on first line) pursuant to s. 938.04, F.S.

**MANDATORY COSTS IN ALL CASES**

☒ **$413.00**  Additional court cost for felony offense, pursuant to s. 938.05(1)(a), F.S.
☒ **$100.00**  Prosecution Costs, pursuant to s. 938.27, F.S. (Minimum of $100 Felony/$50 Misdemeanor)

**MANDATORY COURT COSTS FOR COURT-APPOINTED COUNSEL CASES**

☒ **$ 50.00**  Public Defender/Appointed Counsel Application Fee, if not previously collected, pursuant to ss. 27.52 and s. 938.29, F.S.
☒ **$100.00**  Public Defender/Appointed Counsel Fees and Costs, pursuant to s. 938.29, F.S. as determined locally (Minimum of $100 Felony/$50.00 Misdemeanor).

**TOTAL AMOUNT OF COURT COSTS ORDERED = $925.50**

**OTHER OBLIGATIONS IMPOSED**

☒ **$ 2.00**  Per month for each month of supervision for Training Trust Fund Surcharge, pursuant to s. 948.09, F.S.

☒ **Other:** Monetary obligations, excluding restitution, attorney fees and cost of supervision, maybe converted to community service at $10.00 per hour.

**PAYMENT IS TO BE MADE THROUGH AND PAYABLE TO:** ☒ Department of Corrections  or  ☐ Clerk of Court

(If collected by the Department of Corrections, a surcharge of 4% will be added to all payments ordered by the court, pursuant to s. 945.31, F.S.)

**IT IS FURTHER ORDERED** that the clerk of this court file this order in the clerk's office and provide certified copies of same to the officer for use in compliance with the requirements of law.

**DONE AND ORDERED,** on June 19, 2013

NUNC PRO TUNC _____

_____
Hugh Starnes, Circuit Judge

I acknowledge receipt of a copy of this order and that the conditions have been explained to me and I agree to abide by them.

Date: _____

_____
Defendant

Instructed by: _____
         Supervising Officer

WM:bad

Jan·11·17

I went to Fatz Kats on 776. I met Jeanne Martelli a nice lady. We spoke about general things. I told her I was looking for a room to rent, so maybe I have one. Would you like to see it? OK, it was late and its not safe for people to walk around at night unhealthy. So I walked her home. She asked me in. ~~~~~~ I went in the house 15' and sat at a little table. I was looking for a room, not anything else. She poured a sm glass of wine. I took one sip and door flew open. Some guy I don't know him or her came out screaming and hollering and ~~~~~~ flayling. Screaming Get out of my house mother Fer. Twice, I,ll kill you as I went the door. Man was totally out of control. Totally. I did not see a gun or hear a gun. I was gone

William R Dale

Exhibit I



**Florida Department of Corrections**
Julie L. Jones, Secretary

Home | About Us | Contact Us

Rick Scott, Governor

## Corrections Offender Network
*Inmate Release Information Detail*

(This information was current as of 9/10/2012)



| | |
|---|---|
| DC Number: | Y06985 |
| Name: | TILLS, WILLIAM A |
| Race: | WHITE |
| Sex: | MALE |
| Hair Color: | BROWN |
| Eye Color: | BLUE |
| Height: | 6'03" |
| Weight: | 209 lbs. |
| Birth Date: | 09/07/1979 |
| Custody: | MINIMUM |
| Release Date: | 09/10/2012 |

**Stated Residence Upon Release:**
1628 DANIELS DR
N FORT MYERS, FL 3391733917

**Aliases:**

| | |
|---|---|
| TONY TILLS | WILLIAM TILLS |
| WILLIAM A TILLS | WILLIAM ANTHONY TILLS |
| WILLIAM A TILLS | WILLIAM ANTHONY TILLS |
| YOUNG BLOOD | |

**Scars, Marks, and Tattoos:**

| Type | Location | Description |
|---|---|---|
| TATTOO | LEFT ARM | CLOWN |
| TATTOO | LEFT CHEST | 5 POINT CROWN ,O G B |

**Current Prison Sentence History:**

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 06/03/2011 | WILLFUL FLEE/ELUDE LEO | 12/07/2011 | COLLIER | 1101252 | 1Y 6M 0D |
| 06/03/2011 | DRIV W/LIC S/R/C/D FELONY | 12/07/2011 | COLLIER | 1101252 | 1Y 6M 0D |
| 06/03/2011 | COCAINE - POSSESSION | 12/07/2011 | COLLIER | 1101252 | 1Y 6M 0D |

*Note: The offense descriptions are truncated and do not necessarily reflect the crime of conviction. Please refer to the court documents or the Florida Statutes for further information or definition.*

**Detainers: (Further information may be obtained by contacting the detaining agency)**

| Detainer Date | Agency | Type | Date Canceled |
|---|---|---|---|
| 02/07/2012 | COLLIER CO JAIL | DETAIN | 03/29/2012 |
| 12/10/2003 | CHARLOTTE CO SO | DETAIN | 09/10/2005 |

Exhibit J

**Incarceration History:**

| Date In-Custody | Date Out-Custody |
|---|---|
| 09/17/1998 | 01/13/2000 |
| 07/17/2003 | 10/01/2005 |
| 11/03/2005 | 12/19/2005 |
| 01/14/2010 | 04/12/2011 |
| 12/30/2011 | 09/10/2012 |

**Prior Prison History:** (Note: Data reflected covers periods of incarceration with the Florida Dept.of Corrections since January of 1983)

| Offense Date | Offense | Sentence Date | County | Case No. | Prison Sentence Length |
|---|---|---|---|---|---|
| 02/16/1998 | BURGUN OCCGSTRUC/CV OR ATT. | 09/02/1998 | LEE | 9800628 | 1Y 8M 0D |
| 02/16/1998 | BURGLARY TOOLS-POSSESS | 09/02/1998 | LEE | 9800628 | 1Y 8M 0D |
| 06/17/1998 | BURGUN OCCGSTRUC/CV OR ATT.(ATTEMPTED) | 09/02/1998 | LEE | 9801971 | 1Y 8M 0D |
| 06/17/1998 | BURGLARY TOOLS-POSSESS | 09/02/1998 | LEE | 9801971 | 1Y 8M 0D |
| 05/06/2002 | BURGUN OCCGSTRUC/CV OR ATT. | 03/31/2003 | LEE | 0201668 | 3Y 0M 0D |
| 05/06/2002 | GRAND THEFT,300 L/5,000 | 03/31/2003 | LEE | 0201668 | 3Y 0M 0D |
| 11/30/2002 | GRAND THEFT MOTOR VEHICLE | 05/14/2003 | LEE | 0204728 | 3Y 0M 0D |
| 07/09/2009 | FLEE LEO/NO REGARD | 12/01/2009 | LEE | 0917774 | 1Y 8M 0D |
| 07/09/2009 | DRIV W/LIC S/R/C/D FELONY | 12/01/2009 | LEE | 0917774 | 1Y 8M 0D |
| 07/09/2009 | GRAND THEFT MOTOR VEHICLE | 12/01/2009 | LEE | 0917774 | 1Y 8M 0D |
| 11/08/2007 | COCAINE - POSSESSION | 12/14/2009 | LEE | 0721227 | 2Y 0M 0D |

First | Previous | Next | Last | Return to List          New Search          Record: 1 of 1

*The Florida Department of Corrections updates this information regularly, to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information on this site may not reflect the true current location, status, release date, or other information regarding an inmate. This database contains public record information on felony offenders sentenced to the Department of Corrections. This information only includes offenders sentenced to state prison or state supervision. Information contained herein includes current and prior offenses. Offense types include related crimes such as attempts, conspiracies and solicitations to commit crimes. Information on offenders sentenced to county jail, county probation, or any other form of supervision is not contained. The information is derived from court records provided to the Department of Corrections and is made available as a public service to interested citizens. The Department of Corrections makes no guarantee as to the accuracy or completeness of the information contained herein. Any person who believes information provided is not accurate may contact the Department of Corrections.*

*For questions and comments, you may contact the Department of Corrections, Bureau of Admission and Release, at (850) 488-9167 or go to Frequently Asked Questions About Inmates for more information. This information is made available to the public and law enforcement in the interest of public safety.*

Search Criteria: Last Name: tillis First Name: william Search Aliases: YES Offense Category: ALL Release Facility: ALL Stated County of Residence Upon Release: ALL County of Commitment: ALL

Return to Corrections Offender Information Network

[ ] Probation Violator
[ ] Community Control Violator
[ ] Retrial
[ ] Resentence
[ ] Amended

In the Circuit Court, 20TH Judicial Circuit,
in and for LEE County, Florida

Division FELONY
Case Number  0200472BCF

State of Florida
v,
TILLIS, WILLIAM A

## JUDGMENT

The defendant, TILLIS, WILLIAM A                    being personally before this court represented by
PUBLIC DEFENDER,              , the attorney of record, and the state represented by DOERR, MARIE              , and having

[ ] been tried and found guilty by jury/by court of the following crime(s)

[ ] entered a plea of guilty to the following crime(s)

[X] entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute | Degree | Case Number | OBTS Number |
|-------|-------|-----------------|--------|-------------|-------------|
| 001 | GRAND THEFT OF MOTOR VEHICLE | 812014 | T | 0200472BCF | 3401007371 |

[X] and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby
ADJUDICATED GUILTY of the above crime(s).

[ ] and pursuant to section 943.325, Florida Statutes, having been convicted of attempts or offenses relating to sexual battery
(ch 794) or lewd and lascivious conduct (ch 800) the defendant shall be required to submit blood specimens.

[ ] and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Page 1 of 5

Exhibit K

State of Florida
v.

TILLIS, WILLIAM A

In the Circuit Court, 20TH Judicial Circuit,
in and for LEE County, Florida
Division FELONY
Case Number  02004728CF

CHARGES/COSTS/FEES

The defendant is hereby ordered to pay the following sums if checked:

[ ] $  50.00 pursuant to section 938.03, Florida Statutes (Crimes Compensation Trust Fund).

[ ] $  3.00 as a court cost pursuant to section 938.01, Florida Statutes (Criminal Justice Trust Fund).

[ ] $  2.00 as a court cost pursuant to section 938.15, Florida Statutes (Criminal Justice Education by Municipalities and Counties).

[ ] A fine in the sum of $  0.00 pursuant to section 775.0835, Florida Statutes. (This provision refers to the optional fine for the Crimes Compensation Trust Fund and is not applicable unless checked and completed. Fines imposed as a part of a sentence to section 775.083, Florida Statutes are to be recorded on the sentence page(s).)

[ ] $  20.00 pursuant to section 938.09, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).

[ ] A 10% surcharge in the sum of $  0.00 pursuant to section 775.0834, Florida Statutes (Handicapped and Elderly Security Assistance Trust Fund).

[ ] A sum of $  200.00 pursuant to section 27.3455, Florida Statutes (Local Government Criminal Justice Trust Fund).

[X] A sum of $  25.00 pursuant to section 938.27, Florida Statutes (Prosecution /Investigative Costs).

[ ] A sum of $  0.00 pursuant to section 27.56, Florida Statutes (Public Defender Fees).

[ ] $  25.00 Court Costs to the County

[ ] $  3.00 pursuant to section 938.17, Florida Statutes (Juvenile Assessment Centers).

[ ] $  3.00 pursuant to section 938.19, Florida Statutes (Teen Court).

[ ] $  20.00 pursuant to section 938.06, Florida Statutes (CrimeStoppers Trust Fund).

[X] $  40.00 pursuant to section 938.29, Florida Statutes (Public Defender Application Fee).

[ ] Restitution _____
_____

[X] Other      COURT COSTS $275.00 - ALL COSTS REDUCED TO A JUDGMENT
_____

DONE AND ORDERED in open court in LEE County, Florida, this 14th day of MAY , 2003.

Judge  JUDGE, E DIVISION      Judge Thomas S. Reese

Page __1__ of __B__

Defendant YILLIS, WILLIAM A                    Case Number 02004722DF                CATS Number 3601007371

BENTENCE    (As to Count 001)

The defendant, being personally before this court, accompanied by the defendant's attorney of record, PUBLIC DEFENDER, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown   (Check one if applicable)

[X] and the Court having on 03/31/2003 deferred imposition of sentence until this date.

[ ] and the Court having previously entered a judgment in this case on _____ now resentences the defendant.

[ ] and the Court having placed the defendant on probation/community control and having subsequently revoked the defendant's
    probation/community control.

It Is The Sentence Of The Court that:

[X] The defendant pay a fine of $    250.00, pursuant to section 775.083, Florida Statutes, plus $    12.50 as the 5%
    surcharge required by section 938.04, Florida Statutes.    (REDUCED TO A JUDGMENT)

[X] The defendant is hereby committed to the custody of the Department of Corrections.

[ ] The defendant is hereby committed to the custody of the Sheriff of LEE County, Florida.

[ ] The defendant is sentenced as a youthful offender in accordance with section 958.04, Florida Statutes.

To Be Imprisoned (Check one; unmarked sections are inapplicable):

[ ] For a term of natural life.

[X] For a term of 36 MONTHS

[ ] Said SENTENCE SUSPENDED for a period of _____ subject to conditions set forth in this order.

[ ] To await imposition of the death penalty.

If 'split' sentence, complete the appropriate paragraph.

[ ] Followed by a period of _____ on probation/community control under the supervision of the
    _____ according to the terms and conditions of supervision set forth in a separate order entered herein.

[ ] However, after serving a period of _____ imprisonment in the _____, the
    balance of the sentence shall be suspended and the defendant shall be placed on probation/community control for a period of
    _____ under supervision of the Department of Corrections according to the terms and
    conditions of probation/community control set forth in a separate order entered herein.

In the event the defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before
the defendant begins service of the supervision terms.

Consecutive/Concurrent As To Other Counts

[ ] It is further ordered that the sentence imposed for this count shall run
    (check one)   [ ] Consecutive to   [ ] Concurrent with the sentence set forth in count _____ of this case.

Page 2 of 5

Defendant TILLIS, WILLIAM A          Case Number O2004728CF          DATE Number 3601007371

SPECIAL PROVISIONS          (As to Count 001)

By appropriate notation, the following provisions apply to the sentence imposed:

Mandatory/Minimum Provisions:

| | |
|---|---|
| Firearm | [ ] It is further ordered that the 3-year minimum imprisonment provision of section 775.087(2), Florida Statute, is hereby imposed for the sentence specified in this count. |
| Drug Trafficking | [ ] It is further ordered that the _____ mandatory minimum imprisonment provision of section 893.135(1), Florida Statute, is hereby imposed for the sentence specified in this count. |
| Controlled Substance Within 1,000 Feet of School | [ ] It is further ordered that the 3-year minimum imprisonment provisions of section 893.13(1)(c)1, Florida Statute, is hereby imposed for the sentence specified in this count. |
| Habitual Felony Offender | [X] The defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(a), Florida Statute. The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| Habitual Violent Felony Offender | [ ] The defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of section 775.084(4)(b), Florida Statute. A minimum term of _____ must be served prior to release. The requisite findings of the court are set forth in a separate order or stated on the record in open court. |
| Law Enforcement Protection Act | [ ] It is further ordered that the defendant shall serve a minimum of  0 years before release in accordance with section 775.0823, Florida Statute. |
| Capital Offense | [ ] It is further ordered that the defendant shall serve no less than 25 years in accordance with the provisions of section 775.082(1), Florida Statute. |
| Short-Barreled Rifle, Shotgun, Machine Gun | [ ] It is further ordered that the 5-year minimum provisions of section 790.221(2), Florida Statute, are hereby imposed for the sentence specified in this count. |
| Continuing Criminal Enterprise | [ ] It is further ordered that the 25-year minimum sentence provisions of section 893.20, Florida Statute, are hereby imposed for the sentence specified in this count. |
| Taking a Law Enforcement Officer's Firearm | [ ] It is further ordered that the 3-year mandatory minimum imprisonment provision of section 775.0875(1), Florida Statute, is hereby imposed for the sentence specified in this count. |

Other Provisions:

| | |
|---|---|
| Retention of Jurisdiction | [ ] The Court retains jurisdiction over the defendant pursuant to section 947.16(3), Florida Statute (1983). |
| Jail Credit | [X] It is further ordered that the defendant shall be allowed a total of 143 DAYS as credit for time incarcerated before imposition of this sentence. |

Defendant TILLIS, WILLIAM A          Case Number 02004728CF

Other Provisions, continued:

Consecutive/Concurrent as to Other Convictions

[X] It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run
(check one)    [ ] Consecutive to    [X] Concurrent with the following:

(check one)    [X] any active sentence being served,

              [ ] specific sentences:

    In the event the above sentence is to the Department of Corrections, the Sheriff of LEE County, Florida, is hereby
ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department
together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

    The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within
30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the
appeal at the expense of the State on showing of indigency.

    In imposing the above sentence, the court further recommends/orders/states:

    DONE AND ORDERED in open court at LEE County, Florida, this 14th day of MAY        , 2003.

[ ] Nunc Pro Tunc

                                              JUDGE, E DIVISION    Judge Thomas S. Reese

Defendant TILLIS, WILLIAM A                    Case Number 02004729CF

## Clerk's Certificate of Service

I do certify that a copy hereof has been furnished to:

STATE ATTORNEY'S OFFICE        PUBLIC DEFENDER,                    , Counsel for defendant
1700 MONROE STREET             1700 MONROE STREET
FORT MYERS, FLORIDA 33901
                               FT MYERS        , FL 33901

by (delivery) (mail) this _19th_ day of ____June____, 2003.

Charlie Green, Clerk of Courts

_P Wilson_
Deputy Clerk

**PROBABLE CAUSE AFFIDAVIT**
Sarasota County

*Affix label here*

| AGENCY | ☐ SSO | ☒ SPD | ☐ FHP | ☐ VPD | ☐ NPPD | ☐ LBPD | ☐ OTHER | | ☒ ORIGINAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | ☐ SUPPLEMENTAL |

| SSO CASE # | | SSO BK# | | OBTS # | | ARREST # | |
|---|---|---|---|---|---|---|---|
| AGENCY CASE # | 06-027631 | SAO # 06CF009468AS | | FDLE # | | UTC # | |

| ADULT - ARREST | ☐ WITH WARRANT  ☒ WITHOUT WARRANT  ☐ NON ARREST COMPLAINT | JUVENILE | ☐ ARRESTED / DETAINED  ☐ ARRESTED / RELEASED WITH REFERRAL  ☐ NON-ARREST REFERRAL  ☐ JUVENILE CIVIL CITATION  ☐ TEEN COURT REFERRAL |
|---|---|---|---|

**DEFENDANT**

(LAST, FIRST, MIDDLE INITIAL)

| DEFENDANT | Tillis, William A | | | ALIAS | (LAST, FIRST, MIDDLE INITIAL) | |
|---|---|---|---|---|---|---|

| DOB 09/07/79 | AGE 26 | SEX M | RACE W | HGT 6'0" | WGT 200 | COLOR HAIR | COLOR EYES |
|---|---|---|---|---|---|---|---|

| ADDRESS | Lka 12441 63rd Lane North | CITY Royal Palm Beach, Florida 33412 | STATE | ZIP |
|---|---|---|---|---|

| PHONE # | | SCARS/MARKS/TATTOOS |
|---|---|---|

| DL# T420-921-79-327-0 | ST FL | SOCIAL SEC# | PLACE OF BIRTH | CITY | STATE |
|---|---|---|---|---|---|

| OCCUPATION | EMPLOYER |
|---|---|

| EMPLOYER ADDRESS | PHONE # |
|---|---|

| CITIZENSHIP | IMMIGRATION STATUS  1. PERMANENT/LEGAL RESIDENT OF US  2. LEGAL VISITOR  3. UNDOCUMENTED/ILLEGAL ALIEN  4. UNKNOWN | 1 | RESIDENCE TYPE  1. CITY  2. COUNTY  3. FLORIDA  4. OUT OF STATE | 3 | RESIDENCE STATUS  0. N/A  1. FULL YR  2. PART YR  3. NON-RES  4. TRANSIENT | 1 | INFLUENCE OF DRUGS/ ALCOHOL  ☐ YES ☐ NO ☒ UNK  ☐ YES ☐ NO ☐ UNK |
|---|---|---|---|---|---|---|---|

**CRIME EVENT**

| DATE & TIME OF CRIME  05/06/06    1050 | CRIME LOCATION  3333 North Tamiami Trail | LOC TYPE | ZONE | GRID |
|---|---|---|---|---|

| F.S./ORD # 831.02 | CHARGE  Uttering A Forged Instrument | ☒ FELONY ☐ MISD | BOND |
|---|---|---|---|
| F.S./ORD # | CHARGE | ☐ FELONY ☐ MISD | BOND |
| F.S./ORD # | CHARGE | ☐ FELONY ☐ MISD | BOND |

| INVESTIGATING L.E.O.  Kahl | ID# 1008 |
|---|---|

| DRUG UNIT | 1. GRAM  2. MILLIGRAM | 3. KILOGRAM  4. OUNCE | 5. POUND  6. TON | 7. LITER  8. MILLILITER | 9. DOSE/UNIT/ ITEM | | N |
|---|---|---|---|---|---|---|---|

| DRUG TYPE | E. HEROIN  H. HALLUCINOGEN  O. OPIUM/DERIV  C. COCAINE | M. MARIJUANA  A. AMPHETAMINE  B. BARBITURATE  S. SYNTHETIC | U. UNKNOWN  Z. OTHER  P. PARAPHERNALIA  EQUIPMENT | N. N/A | N | DRUG ACTIVITY | M. MANUF/CULT  S. SELL  E. USE  D. DELIVER | P. POSSESS  B. BUY  U. UNK.  Z. OTHER | T. TRAFFIC  K. DISTRB  R. SMUGGLE  N. N/A | N |
|---|---|---|---|---|---|---|---|---|---|---|

| TYPE WEAPON | | 01. UNK FIREARM  04. HANDGUN  02. RIFLE  03. SHOTGUN | 04. UNK FIREARM  05. KNIFE/CUTTING  06. BLUNT OBJECT  07. HANDS/FIST/FEET | 08. POISON  09. EXPLOSIVES  10. FIRE/INCENDIARY  11. THREAT/INTIMID | 12. SIM WEAPON  13. DRUGS  88. UNKNOWN  99. OTHER | CALIBER GAUGE | FINISH WEAPON  B. BLUE  S. SILVER  O. OTHER | N |
|---|---|---|---|---|---|---|---|---|
| SEIZED ☐ YES ☐ NO | | | | | 00 | | |

**ARREST**

| DATE & TIME OF ARREST | ARREST L.E.O./ID# | ASST L.E.O./ID# |
|---|---|---|

| ARREST LOCATION | ZONE | GRID |
|---|---|---|

| CAPIAS/WARRANT # | COUNTY & STATE OF WARRANT |
|---|---|

| DATE BOOKED | TIME BOOKED | RETURNABLE DATE | CASE: 2006 CF 010162 NC |
|---|---|---|---|
| RELEASED BY | | RELEASED TO | DEF: FBC/RUFF |

**VICTIM**

(LAST, FIRST, MIDDLE INITIAL)

| VICTIM NAME | Stevenson, Bruce | HOME PHONE # | 349-1909 |
|---|---|---|---|

| ADDRESS | 320 Beach Road | CITY Sarasota, Florida 34242 | STATE | ZIP | BUS PHONE # |
|---|---|---|---|---|---|

| DOB 05/31/62 | AGE 43 | SEX M | RACE W | NOTIFIED ☐ YES | ☐ NO |
|---|---|---|---|---|---|
| | | | | TIME | |

MAY 0 8 2006

2006CF010162NC

Exhibit L

PROBABLE CAUSE AFFIDAVIT
**Sarasota County**

☒ ORIGINAL - PAGE __2__ of __2__    ☐ SUPPLEMENTAL - PAGE ____ of ____

| DEFENDANT<br>William A. Tillis | SSO BK # | AGENCY CASE #<br>06-027631 |
|---|---|---|

☒ ADULT CASE    ☐ JUVENILE CASE

STATE IN DETAIL WHAT THE DEFENDANT DID THAT YOU ALLEGE WAS ILLEGAL. INCLUDE EVENTS THAT LEAD UP TO THE INCIDENT; ALSO INCLUDE WHY DEFENDANT ACTED AS HE DID IF THIS IS KNOWN. HEARSAY IS PERMISSIBLE AND RELEVANT COMMENTS OF THE DEFENDANT OR WITNESSES INVOLVED SHOULD BE SUMMARIZED. (INCLUDE WHO, WHAT, WHERE, WHY, WHEN, HOW)

On 05/06/06 at 1050 hours, the defendant entered the Amscot check cashing business at 3333 North Tamiami Trail. The defendant Tillis presented a check for cashing to employee Nathan Mazer. The check was made out to Tillis on the account of Key Marine Services Inc. (check #1142) for $2,800.00 for boating maintenance. Mazer was aware that checks from this account had been stolen. The previous day a black female attempted to cash a check on that account for $487.00. Mazer had contacted the checks owner Bruce Stevenson who advised Mazer that several checks from the back of his business's checkbook had been stolen. Stevenson advised Mazer that he did not issue the check and he did not give anyone permission to write the check.

Mazer then asked Tillis for identification. Tillis produced his Florida inmate release ID card. Mazer advised that he was positive that the person that presented the check was the same person on the ID card. Mazer then told Tillis that there was a problem with the check. Tillis then left the store, leaving his ID and the check. Your affiant has probable cause to believe that the defendant Tillis presented a check for $2,800 that he knew was forged. This occurred in the State of Florida, city and county of Sarasota.

☐ ADDITIONAL PAGES - ATTACHED AND INCORPORATED HEREIN

SIGNATURE OF L.E.O./AFFIANT _Michael Kahl_    ID# __1008__

SWORN TO (OR AFFIRMED) AND SUBSCRIBED BEFORE ME THIS __6TH__ DAY OF __May__, __2006__, BY
__Michael Kahl__    ☒ WHO IS PERSONALLY KNOWN OR ☐ WHO PRODUCED THE FOLLOWING:
<span style="font-size:smaller">(PRINT L.E.O./AFFIANT NAME)</span>

IDENTIFICATION _____    SIGNATURE _____

☒ L.E.O. ID # ____    ☐ NOTARY

SUPERVISOR SIGNATURE _____    PRINT NAME _Tschetten_

ID# _____

MAY 0 8 2006

2006CF010162NC

## ARREST / NOTICE TO APPEAR

Fort Myers PD

| | 1. Arrest | 1 | 2. Juvenile | X |
|---|---|---|---|---|
| | 2. Notice To Appear | | | |

**OBTS NUMBER** 3600 2011 8689

| AGENCY ORI NUMBER | CLERK/CASE | AGENCY REPORT | AGENCY ARREST NUMBER |
|---|---|---|---|
| F L 0 3 6 0 1 0 0 | WARRANT, TBA | 2006-6780 | 2006-06780 |

| CHARGE TYPE Check as many as apply. | 1. FELONY ☐ | 3. MISDEMEANOR ☒ | 5. ORDINANCE ☐ | WEAPON SEIZED/ TYPE 1 Yes 2 2 None | DATE OF OFFENSE |
|---|---|---|---|---|---|
| | 2. TRAFFIC FELONY ☐ | 4. TRAFFIC ☐ | 6. OTHER ☒ | | 6/9/2006 |

LOCATION OF ARREST (Include Name of Business) Fowler/Market St.Fort Myers, FL 33916

LOCATION OF OFFENSE (Business Name, Address) Fowler/Market St Fort Myers, FL 33916

| DATE OF ARREST | TIME OF | BOOKING DATE | BOOKING TIME | JAIL BOOK | JAIL BOOK TIME | FINGERPRINTED | BY: |
|---|---|---|---|---|---|---|---|
| 6/9/2006 | 0546 | 6 9 06 | 0640 | 6-9-06 | 0640 | ☐ Identification Only ☒ AFIS ☐ Criminal | LCSO |

| JAIL BOOKING | COUNTY ID NUMBER | OTHER LOCAL NUMBER | FDLE NUMBER | DOC NUMBER | FBI NUMBER |
|---|---|---|---|---|---|
| 436040 | 144423 | | | | |

NAME (Last, First, Middle) Tillis, William Anthony    ALIAS

| RACE W - White I - American Indian B - Black C - Chinese/ Asian | W | SEX M | DATE OF BIRTH OR AGE 9/7/1987 | HEIGHT 6'00" | WEIGHT 180 | EYE COLOR BLU | HAIR COLOR BRO | COMPLEXION MED | BUILD THN |
|---|---|---|---|---|---|---|---|---|---|

| SCARS, MARKS, TATTOOS, UNIQUE PERSONAL FEATURES (Location, Type, Description) CHEST, T, Crown w/"OGB" | | INDICATION Alcohol Influence Drug Influence | Y | N | UNK |
|---|---|---|---|---|---|

| LOCAL ADDRESS (Street, Apt. Number) TRANSIENT  Fort Myers, FL 33916 | (City) | (State) | (Zip) | PHONE | RESIDENCE TYPE 1 City 2 County | 3 Points 4 Out-of-State | 1 |
|---|---|---|---|---|---|---|---|

| PERMANENT ADDRESS (Street, Apt. Number) TRANSIENT  Fort Myers, FL 33916 | (City) | (State) | (Zip) | PHONE | ADDRESS SOURCE Verbal |
|---|---|---|---|---|---|

| BUSINESS ADDRESS (Name, Apt. Number) | (City) | (State) | (Zip) | PHONE | OCCUPATION Unemployed |
|---|---|---|---|---|---|

| DRIVER'S LICENSE STATE / NUMBER FL T420921793270 | SOCIAL SECURITY NUMBER | INS NUMBER | PLACE OF BIRTH Cape Charles, VA | CITIZENSHIP Y |
|---|---|---|---|---|

| CO-DEFENDANT NAME (Last, First, Middle) | RACE | SEX | DATE OF BIRTH OR AGE | 1. Arrested 2. At Large | 3. Felony 4. Misdemeanor 5. Juvenile 6. Juvenile |
|---|---|---|---|---|---|

| CO-DEFENDANT NAME (Last, First, Middle) | RACE | SEX | DATE OF BIRTH OR AGE | 1. Arrested 2. At Large | 3. Felony 4. Misdemeanor 5. Juvenile 6. Juvenile |
|---|---|---|---|---|---|

| ACTIVITY N H/A P. Possess | S. Sell B. Buy T. Traffic | R. Smuggle D. Deliver E. Use | K. Dispense / Distribute | M. Manufacture / Cultivate | Z. Other | TYPE H. H/A A. Amphetamine | B. Barbiturate C. Cocaine E. Heroin | H. Hallucinogen M. Marijuana O. Opium / Herb | P. Paraphernalia / Equipment S. Synthetic | U. Unknown Z. Other |
|---|---|---|---|---|---|---|---|---|---|---|

| CHARGE DESCRIPTION | WARRANT - OUT OF COUNTY WARRANT - WARRANT | COUNTS 1 | ☒ F.S. ☐ GOC | STATUTE VIOLATION | BOND $ 1000 |
|---|---|---|---|---|---|

| ACTIVITY | DRUG TYPE | AMOUNT / UNIT | | | |
|---|---|---|---|---|---|

| ☐ PC# 2006CF010162NC | ☐ CAPIAS | ☐ AC | ☐ BW | ☒ FW | ☐ PW | ☐ JUV. PU | ☐ CITATION | DATE ISSUED 6/6/2006 | ☐ Wrk. All | ☐ Domestic Violence | ☐ Domestic Violence Injury | ☐ Order of Arrest |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| CHARGE DESCRIPTION | NARCOTIC EQUIP-POSSESS - AND OR USE - TBA | COUNTS 1 | ☐ F.S. ☐ GOC | STATUTE VIOLATION 893.147(1) | BOND $ |
|---|---|---|---|---|---|

| ACTIVITY N | DRUG TYPE | AMOUNT / UNIT | | | |
|---|---|---|---|---|---|

| ☐ PC# | ☐ CAPIAS | ☐ AC | ☐ BW | ☒ FW | ☐ PW | ☐ JUV. PU | ☐ CITATION | DATE ISSUED | ☐ Wrk. All | ☐ Domestic Violence | ☐ Domestic Violence Injury | ☐ Order of Arrest |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

The undersigned certifies and swears that he/she has just and reasonable grounds to believe, and does believe that the above named Defendant committed the following violation of law.

On this 9 day of June, 2006 at 05:29 ☒ A.M. ☐ P.M. (Specifically include facts constituting cause for arrest)

On Friday, June 29, 2006, at approximately 0529 hours, I Officer Lisa Bennis of the Fort Myers Police Department, was on marked uniformed patrol in the area of Fowler and Market Streets. A W/M, later identified as William Anthony Tillis, DOB: 09/07/87, was walking in the road against traffic without a shirt on.  This suspicious action by Mr. Tillis caused me to stop and ask Mr. Tillis if I could speak with him. Mr. Tillis replied, "Yes, what did I do now?" Mr. Tillis willingly gave me his name and date of birth. I asked the Fort Myers Police Department Dispatch to run a local and long warrant check on Mr. Tillis.  Dispatch advised and confirmed that there was a warrant for Mr. Tillis out of Sarasota County for Fraud; Uttering a False Instrument, and that they

| ☐ Mandatory Appearance In Court ☐ You need not appear in Court but must comply with Instructions on | LOCATION (Court, Room Number, Address) | | | |
|---|---|---|---|---|
| | MONTH | DAY | YEAR | TIME | ☐ AM ☐ PM |

I AGREE TO APPEAR AT THE TIME AND PLACE DESIGNATED TO ANSWER THE OFFENSE CHARGED OR TO PAY THE FINE SUBSCRIBED. I UNDERSTAND THAT SHOULD I WILLFULLY FAIL AS REQUIRED BY THIS NOTICE TO APPEAR, THAT MAY BE HELD IN CONTEMPT OF COURT AND A WARRANT FOR MY ARREST SHALL BE ISSUED.

SIGNATURE OF DEFENDANT / JUVENILE AND PARENT OR CUSTODIAN

| ☐ Miranda Warning | HOLD FOR OTHER AGENCY NAME: | VERIFIED BY | DAT | BOND: CHARGE # | BOND: |
|---|---|---|---|---|---|
| ADULTS ONLY ☐ Hold for First Appearance ☐ Do Not Bond | Reason | | BOND TYPE 1.ROR 2.Cash | 3. Surety 4. Bail / Bond | 5. Cash 5. Other | TYPE | TYPE |

I SWEAR/ AFFIRM THE ABOVE AND ATTACHED STATEMENTS ARE TRUE AND CORRECT #250

OFFICER'S / COMPLAINANT'S

| Lisa Bennis | 850-0350/ Patrol |
|---|---|
| NAME (Printed) | ID NO. / TROOP |

REPORT ENTERED BY

| Lisa Bennis | 850-0350/ Patrol |
|---|---|
| NAME (Printed) | ID NO. / TROOP |

| RETURNABLE COURT DATE | RETURNABLE COURT TIME ☐ AM ☐ PM |
|---|---|
| RELEASE DATE | RELEASE TIME ☐ AM ☐ PM |

SWORN TO AND SUBSCRIBED BEFORE ME, THE UNDERSIGNED AUTHORITY THIS ___ DAY OF June 2006

Name / Title of Person Authorized to Administer

DCP R. WILLIAMSON 6465

RELEASE OFFICER

HSMV 63005 (Rev. 7/97)

Case: 2006 CF 010162 NC
OFF: FELONDROFF

## NARRATIVE CONTINUATION

| 1. Offense | | | Juvenile | | 1. Original | |
| 2. Arrest | 1 | | | X | 2. Supplement | 1 |

| Agency ORI Number | | Agency Name | Agency Report Number |
|---|---|---|---|
| F L 0 3 6 0 1 0 0 | | Fort Myers PD | 2 0 0 6 - 6 7 8 0 |

| Original Date Reported | Case Reference |
|---|---|
| 0 6 0 9 0 6 | Tillis, William Anthony |

were willing to extradite. I placed Mr. Tillis under arrest for this outstanding warrant.

A search subsequent to confirmation and arrest of Mr. Tillis revealed that he had a 4 inch piece of a thin metal rod in his left rear pocket. Mr. Tillis advised that he used this piece of metal for both protection while on the streets and as a "push rod" for a crack pipe. In Mr. Tillis' right front pocket, I located a 3 inch metal cylinder which contained burned brillo in one end, and a residue in the other end that field tested positive for cocaine. A NIK cocaine swab was used for the field test.

I then transported Mr. Tillis to the Lee County Jail for booking and further processing.

| Report Contains | | | Related Report Number(s) | | |
|---|---|---|---|---|---|
| Officer(s) Reporting | | | ID. Number(s) | Troop | Date |
| Lisa Bennis | | | 850-0350/ Patrol | | |
| Officer Reviewing (if Applicable) | | ID. Number | Routed To | Referred To | Assigned To | By | Date |

| Case Status | | 1. Arrest | 2. Unfounded | A - Adult | Date Cleared | Arrest Number | | Number Arrested |
|---|---|---|---|---|---|---|---|---|
| Closed | | 2. Exceptional | | J - Juvenile | J | 2006-06780 | | 1 |
| Exception Type | 2. Arrest on Primary | 3. Death of Offender | 5. Prosecution Declined | CBTS Number | | Page | Page |
| 1. Extradition Declined | Offense Secondary Offense Without Prosecution | 4. VW Refused to Cooperate | 6. Juvenile / No Custody | | | 3 | of 3 |

HSKX 00011

```
****HIT CONFIRMATION RESPONSE****

FROM: FL05800D4 -

THE RECORD BELOW IS CONFIRMED

****WANTED PERSON****
  FIRST NAME: WILLIAM                              PCN: T107331007
 MIDDLE NAME: A
   LAST NAME: TILLIS
         SFX:
         DOB: 09/07/1979
     CASE NO: 2006CF010162NC
  CONFIRMER
  FIRST NAME: GEORGETTA
   LAST NAME: MATLOCK
 CONFIRM AGY: SARASOTA SO
    PHONE NO: 9418614601              FAX: 9418614620
     REMARKS: WE HOLD ACTIVE CAPIAS FRAUD UTTER FALSE INSTRUMENT BOND 1000 PLS
              NTFY WHEN SUBJ TAKEN INTO CUSTODY AND IF SUBJ HAS LOCALS
```

A52

```
IMMEDIATELY CONFIRM WARRANT AND EXTRADITION WITH ENTERING AGENCY

WANTED PERSON

FULL EXTRADITION UNLESS OTHERWISE NOTED IN MIS FIELD

OFFENSE CODE: FRAUD                    WARRANT DATE: 06/06/2006
         NAME: WILLIAM A TILLIS          ENTRY DATE: 06/07/2006
          DOB: 19790907                         PCN: T107331007
         RACE: WHITE                            NIC: W900599064
          SEX: MALE                        LOCAL ID: 1996223054
       HEIGHT: 600
       WEIGHT: 200
   HAIR COLOR: UNKNOWN OR COMPLETELY BALD
    EYE COLOR: UNKNOWN
LAST RES ADD: 12441 60RD LANE NORTH
   CITY STATE: WEST PALM BEACH, FL           ZIP: 33412
  SOC SEC NO: ███████
  WARRANT NO: 2006CF010162NC
     CASE NO: 10162
ENTERING MNE: S58000037
ENTERING AGY: FL05800D5 - SARASOTA COUNTY SHERIFF'S OFFICE
   NOTIFY AGY: NO NOTIFY/PUBLICLY AVAILABLE
         MISC: FRAUD UTTER FALSE INSTRUMENT    PU ALL STATES  CONFIRM   W/ FL05
               800000
```

```
--FCIC HIT CONFIRMATION--

****HIT CONFIRMATION REQUEST - FIRST NOTICE****

FROM: FL0360100 -

****RESPONSE PRIORITY: URGENT! - RESPOND WITHIN 10 MINUTES****

****WANTED PERSON****
  FIRST NAME: WILLIAM                           NIC: W900599064
 MIDDLE NAME: A                                 PCN: T107331007
   LAST NAME: TILLIS
        SFX:
        DOB: 09/07/1979
        SEX: M
    CASE NO: 10162
  REQUESTER
 FIRST NAME: OFC
  LAST NAME: BENNIS
REQUEST AGY: FORT MYERS POLICE
   PHONE NO: 2393382121              FAX:
    REMARKS: WE ARE OUT WITH SUBJECT ON FOWLER ST/MARKET ST- PLEASE CONFIRM W
             ARRENT AND ADVISE IF YOU WILL EXTRADIATE THANK YOU OPER REYES FM
             PD
```

Received: 2006-06-09 05:46:32      MSG-NBR: 00072  MNE: P36010001
   CTRL: ALDERMAN

FAM FL0360100S58000037                    18SUBJ WILL BE BOOKE
AND LODGED AT LEE COUNTY JAIL 239-477-1500 AND HE DOES NOT HAVE LOCAL CHARGES
WITH US THANK YOU OPER REYES FMPD
--FLORIDA ADMINISTRATIVE MESSAGE--

MESSAGE SENT TO: S58-00-0037
--END--

### RECORD OF FIRST APPEARANCE HEARING / ORDER
### STATE OF FLORIDA

FELONY
Defendant: TILLIS, WILLIAM ANTHONY

Case No: 06CF010162
Arrest No: 436040
Jacket No: 144423

On the 10 day of June , 06 the defendant has been advised he or she is under arrest for the following charge(s):

| Statute No | Charge | Arrest Date | Bond |
|---|---|---|---|
| 2 | WARRANT/OUT OF COUNTY WARRANT/SARASOTA CO SO CAPIAS FRAUD UTTER FALSE INSTRU | 06/09/2006 CS | 1,000.00 |

1. **Right to an attorney.** The defendant has been advised of the right to be represented by a lawyer at all times in this case.
   ( ) The defendant is represented at this hearing by private counsel: _____
   ( ) The court finds the defendant is indigent and appoints the Public Defender to represent the defendant, as the defendant requests.
   ( ) The defendant will retain his or her own private attorney in this case and does not want the Public Defender to be appointed.
   Therefore, the court does not appoint an attorney for the defendant at this time. If at any time in this case the defendant wants an appointed lawyer, the defendant must meet with Pretrial Services (941-335-2250) to determine if he or she qualifies for appointment of a lawyer.

2. **Probable Cause. If one charge:** (X) Yes ( ) No or **If multiple charges:** ( ) Yes as to all or ( ) No as to all or ( ) No only on those marked above "No P.C." and p.c. is found on those not so marked. If no probable cause is found on any charge, the state must, within 24 hours, establish probable cause. If the defendant is still in custody, the defendant shall be returned to first appearance within 24 hours.
   **Probable cause after 24 hours:** ( ) Yes ( ) No If no probable cause is established within 24 hours on any charge, the defendant shall be released on any such charge. Identify charges for which there is no p.c. _____

3. **Pretrial release conditions.**
   ( ) Hold, no bond ( X ) Bond granted; Amount _____
   ( ) ROR ( ) Supervised ROR (If SROR granted, a provisional bond will be set above and the defendant will be evaluated by Pretrial Services and if qualified will be placed on SROR pending trial and the defendant will not be required to post the provisional bond. If the defendant is not qualified for SROR, the bond is set at the amount stated above and must be posted before release.)
   ( ) No contact with the victim ordered. (If domestic violence is alleged, a separate DV no contact order will also be entered.)
   ( ) Other pretrial release conditions: _____

   It is so ordered.

4. **Plea.** ( ) Guilty ( ) No contest ( ) With Adjudication of Guilt ( ) Withhold Adjudication of Guilt. The defendant acknowledges that he or she has been advised of his or her right to be represented by an attorney now, before a trial, and at a trial in this case, of all of his or her other rights, and that this plea and conviction may appear in the defendant's criminal record and a felony score sheet. Agreed sentence:

   It is so ordered.

5. **Next court date.** The defendant must appear at the arraignment on the 10th day of June , 2006 in Courtroom CTY at 09:30. If the defendant fails to appear for arraignment or any court date after that, he or she may be arrested, bought to jail, and all conditions of pretrial release may be cancelled.

6. **Defendant's obligations.** If the public defender is appointed and the defendant is released from jail, it is the responsibility of the defendant to call the PD's office at 941-335-2911 and find out (1) the name of his or her attorney assigned to this case, (2) all court dates from the defendant's lawyer, and then (3) Meet with that attorney to prepare for trial. Whether the defendant has appointed counsel or has hired his or her own attorney, the defendant must at all times keep the attorney advised of the defendant's address and phone number. If the defendant misses any court date, the defendant may be arrested. It is the defendant's responsibility to find out from his or her lawyer, not the clerk or the judge, the dates, times and places of all court dates. No further notice of any court date will be given to the defendant by the clerk or the judge. If the defendant can not afford to hire a lawyer, it is the defendant's responsibility to call Pretrial Services at 941-335-2250 and make an appointment to complete the paperwork necessary before the judge can appoint a lawyer for the defendant.

The clerk shall deliver a copy of this order to the defendant if the defendant was held until first appearance.

_____
Defendant

_____
Judge, Lee County, Florida

☒ IN THE CIRCUIT COURT OF THE TWELVETH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

| DIVISION | CASE NUMBER: 2006 CF 010162 NC | |
|---|---|---|
| CRIMINAL | OBTS NUMBER: 5801093518 | |
| PLAINTIFF | VS. DEFENDANT | |
| **STATE OF FLORIDA** | **WILLIAM A TILLIS** | |

**⌐⌐⌐ ⌐R RECORD**

**¬¬06 ¬UG 18  PM 1: 49**

KAREN E. RUSHING
CLERK OF CIRCUIT COURT
SARASOTA COUNTY, FL.

STAMP FOR RECORDING

**SENTENCE AND SPECIAL PROVISIONS**

---

### SENTENCE
(As to Count 1)

The Defendant, being personally before this Court, accompanied by the Defendant's attorney of record, **DAWN DUGGAN**, and having been adjudicated guilty herein, and the Court having given the Defendant opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the Defendant should not be sentenced as provided by law, and no cause being shown,

*(Check one if applicable)*

☐ and the Court having on  deferred imposition of sentence until this date

☐ and the Court having previously entered a judgment in this case on  now re-sentences the Defendant

☐ and the Court having placed the Defendant on ☐ probation ☐ community control and having subsequently revoked the Defendant's ☐ probation ☐ community control

**IT IS THE SENTENCE OF THE COURT THAT:**

☐ The Defendant pay a fine of $, pursuant to § 775.083, Florida Statutes, plus $ as the 5% surcharge required by § 938.04, Florida Statutes.

☐ The Defendant is hereby committed to the custody of the Department of Corrections.

☒ The Defendant is hereby committed to the custody of the **Sheriff of Sarasota County, Florida**

☐ The Defendant is sentenced as a youthful offender in accordance with § 958.04, Florida Statutes

FILED FOR RECORD STAMP

**TO BE IMPRISONED (check one; unmarked sections are inapplicable):**

☐ For a term of natural life

☒ For a term of **5 MONTHS.**

☐ Said SENTENCE SUSPENDED for a period of  subject to conditions set forth in this Order

Case: 2006 CF 010162 NC

OFF: SENSPEPVD

Page 1 of 3
sentprov

If "split" sentence, complete the appropriate paragraph.

☐ Followed by a period of  on ☐ probation ☐ community control under the supervision of the Department of Corrections according to the terms and conditions of supervision set forth in a separate order entered herein.

☐ However, after serving a period of  imprisonment in , the balance of the sentence shall be suspended and the Defendant shall be placed on ☐ probation ☐ community control for a period of  under the supervision of the Department of Corrections according to the terms and conditions of ☐ probation ☐ community control set forth in a separate order entered herein.

In the event the Defendant is ordered to serve additional split sentences, all incarceration portions shall be satisfied before the Defendant begins service of the supervision terms.

**SPECIAL PROVISIONS**
(As to Count 1)

By appropriate notation, the following provisions apply to the sentence imposed:

**MANDATORY/MINIMUM PROVISIONS:**

| | |
|---|---|
| **Firearm** | ☐ It is further ordered that the ☐ 3-year minimum ☐ 10-year minimum ☐ 20-year minimum ☐ 25 year to Life minimum imprisonment provisions of §775.087(2), Florida Statutes, is hereby imposed for the sentence specified in this count. Pursuant to the 25 year to Life minimum imprisonment provision of §775.087(2), Florida Statutes (if checked above) the court imposes a minimum imprisonment sentence of |
| **Drug Trafficking** | ☐ It is further ordered that the  mandatory minimum imprisonment provision of § 893.135(1), Florida Statutes, is hereby imposed for the sentence specified in this count. |
| **Controlled Substance Within 1,000 Feet of School** | ☐ It is further ordered that the 3-year minimum imprisonment provision of § 893.12(1)(e)1, Florida Statutes, is hereby imposed for the sentence specified in this count. |
| **Habitual Felony Offender** | ☐ The Defendant is adjudicated a habitual felony offender and has been sentenced to an extended term in accordance with the provisions of § 775.084(4)(a), Florida Statutes.  The requisite findings by the Court are set forth in a separate order or stated on the record in open court. |
| **Habitual Violent Felony Offender** | ☐ The Defendant is adjudicated a habitual violent felony offender and has been sentenced to an extended term in accordance with the provisions of § 775.084(4)(b), Florida Statutes.  A minimum term of  year(s) must be served prior to release.  The requisite findings of the Court are set forth in a separate order or stated on the record in open court. |
| **Law Enforcement Protection Act** | ☐ It is further ordered that the Defendant shall serve a minimum of  year(s) before release in accordance with § 790.0823, Florida Statutes. |
| **Capital Offense** | ☐ It is further ordered that the Defendant shall serve no less than 25 years in accordance with provisions of § 775.082(1), Florida Statutes. |
| **Short-Barreled Rifle, Shotgun, Machine Gun** | ☐ It is further ordered that the 5-year minimum sentence provisions of § 790.221(2), Florida Statutes, are hereby imposed for the sentence specified in this count. |
| **Continuing Criminal Enterprise** | ☐ It is further ordered that the 25-year minimum sentence provisions of § 893.20, Florida Statutes, are hereby imposed for the sentence specified in this count. |
| **Taking a Law Enforcement Officer's Firearm** | ☐ It is further ordered that the 3-year mandatory minimum imprisonment provision of § 775.0875(1), Florida Statutes, is hereby imposed for the sentence specified in this count. |

**OTHER PROVISIONS:**

| | |
|---|---|
| **Retention of Jurisdiction** | ☐ The Court retains jurisdiction over the Defendant pursuant to § 947.16(4)(a), Florida Statutes. |
| **Jail Credit** | ☒ It is further ordered that the Defendant shall be allowed a total of **61 DAYS** as credit for time incarcerated before imposition of this sentence. |
| **Prison Credit** | ☐ It is further ordered that the Defendant be allowed credit for all time previously served on this count in the Department of Corrections prior to re-sentencing. |
| **Consecutive/Concurrent as to Other Counts** | ☐ It is further ordered that the sentence imposed for this county shall run ☐ consecutive to ☐ concurrent with the sentence set forth in count  of this case. |
| **Consecutive/Concurrent as to Other Convictions** | ☐ It is further ordered that the composite term of all sentences imposed for the counts specified in the Order shall run ☐ consecutive to ☐ concurrent with the following: *(check one)* |
| | ☐ any active sentence being served |
| | ☐ specific sentences |

In the event the above sentence is to the Department of Corrections, the Sheriff of SARASOTA County, Florida is hereby ordered and directed to deliver the Defendant to the Department of Corrections at the facility designated by the Department together with a copy of the Judgment and Sentence and any other documents specified by Florida Statute.

The Defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within thirty (30) days from this date with the Clerk of the Court and the Defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigence.

In imposing the above sentence, the Court further recommends: **DEFENDANT TO RECEIVE CREDIT FOR TIME SERVED FROM 6/09/06 THRU TODAY'S DATE. REDUCE ALL COURT COSTS TO JUDGMENT.**

DONE AND ORDERED in open Court at Sarasota County, Florida this 8TH day of AUGUST, 2006.

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail/hand delivery to the below listed parties. Witness my hand and official seal this ___ day of _____, 20___.
KAREN E. RUSHING, CLERK OF THE CIRCUIT COURT
By:_____, Deputy Clerk

_____
CIRCUIT JUDGE ANDREW OWENS

STATE ATTORNEY
SAL ARMY PROBATION
DEFENDANT
DEF ATTORNEY Duggan

| ☒ IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA<br>☐ IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA | | RECORDED IN OFFICIAL RECORDS<br>INSTRUMENT # 2006149557 2 PGS<br>2006 AUG 18 12:29 PM<br>KAREN E. RUSHING<br>CLERK OF THE CIRCUIT COURT<br>SARASOTA COUNTY, FLORIDA<br>KGRENCIK  Receipt#819422<br>STAMP FOR RECORDING |
|---|---|---|
| DIVISION: CRIMINAL<br><br>CASE NUMBER: 2006 CF 010162 NC | **JUDGMENT** | |
| PLAINTIFF<br><br>**STATE OF FLORIDA** | VS. DEFENDANT<br><br>**WILLIAM A TILLIS** | |

☐ Probation Violator    ☐ Community Control Violator    ☐ Retrial    ☐ Resentence

The Defendant, **WILLIAM A TILLIS** being personally before this Court represented by **DAWN DUGGAN**, the attorney of record and the State represented by **SUZANNE O'DONNELL** and having:

*(Check Applicable Provision)*
☐ 1. Been tried and found GUILTY by jury/by Court of the following crime(s)
☐ 2. Entered a plea of GUILTY to the following crime(s)
☒ 3. Entered a plea of NOLO CONTENDRE to the following crime(s)

**2006149557**

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIMES | CASE NUMBER | OBTS NUMBER |
|---|---|---|---|---|---|
| 1 | FRAUD-UTTER FALSE INSTRUMENT | 831.02C | 3rd Degree Felony | 2006 CF 010162 NC | 5801093518 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

*(Check If Applicable)*
☒ and no cause being shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).
☐ and having been convicted or found guilty of, or having entered a plea of NOLO CONTENDERE or GUILTY, regardless of adjudication, to attempts or offenses relating to sexual battery (ch. 794), lewd and lascivious conduct (ch. 800), or murder (§782.04), aggravated battery (§784.045), car jacking (§812.133), or home invasion robbery (§812.135), or any other offense specified in section 943.325, the defendant shall be required to submit blood specimens.
☐ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF GUILT BE WITHHELD.

Pursuant to the provisions of §960.29-960.293, Florida Statutes, a lien is hereby imposed in favor of the State of Florida and/or Sarasota County as follows:
☐ Defendant was convicted for an offense other than a capital or life felony. This lien is for liquidated damages in the amount of fifty dollars ($50.00) per day of the defendant's sentence.
☐ Defendant was convicted for a capital or life felony. This lien is for liquidated damages in the amount of two-hundred and fifty thousand dollars ($250,000.00).

**ALL LIQUIDATED DAMAGE SUMS BEAR INTEREST AT THE RATE SET FORTH IN §55.03, FLORIDA STATUTES.**

DONE AND ORDERED in open court at Sarasota, Florida, this 8TH day of AUGUST, 2006.

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail/hand delivery to the below listed parties. Witness my hand and official seal this 18 day of _____ 20 06.
KAREN E. RUSHING, CLERK OF THE CIRCUIT COURT
By: _____ , Deputy Clerk

CIRCUIT JUDGE ANDREW OWENS

FILED FOR RECORD STAMP

| STATE ATTORNEY | ✓ |
| SAL ARMY PROBATION | |
| DEFENDANT | |
| DEF ATTORNEY *Duggan* | ✓ |

Page 1 of 2

Case: 2006 CF 010162 NC

judgment

☐ IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT IN AND FOR SARASOTA
COUNTY, FLORIDA
☐ IN THE COUNTY COURT IN AND FOR SARASOTA COUNTY, FLORIDA

| DIVISION: | CASE NUMBER: |
|---|---|
| CRIMINAL | 06CF10162 |
| PLAINTIFF | VS. DEFENDANT |
| STATE OF FLORIDA | Tillis, William |

## FINGERPRINTS OF DEFENDANT

| 1. R. Thumb | 2. R. Index | 3. R. Middle | 4. R. Ring | 5. R. Little |
|---|---|---|---|---|

| 1. L. Thumb | 2. L. Index | 3. L. Middle | 4. L. Ring | 5. L. Little |
|---|---|---|---|---|

Fingerprints taken by: TotH345
                        Name

                        Deputy
                        Title

I HEREBY CERTIFY that the above and foregoing fingerprints are the fingerprints of the Defendant,
_____ and that they were placed thereon by the Defendant in my presence in open court this date.

DONE AND ORDERED in open court in Sarasota County, Florida, this 8 day of Aug , 06.

_____
CIRCUIT JUDGE

CIRJUDG.DOC Rev. 11/98                    PAGE 2 OF 2

| ADMINISTRATIVE | OBTS Number 3b0r216724 | Agency Report Number 07-085861 | **ARREST / NOTICE TO APPEAR** Lee County Sheriff's Office | | Arrest: ( X ) Notice to Appear: ( ) | Juvenile: ( ) |
|---|---|---|---|---|---|---|
| | Agency ORI Number FL0360000 | Agency Arrest Number | Charge Type: (F) ( ) ( ) | Weapon Seized: ( ) Type: ( ) | | Court # |
| | Location of Arrest (Include Name of Business) 1636 Daniels Dr N Fort Myers FL 33903 | | | Case Numbers 07015331CF | | |
| | Location of Offense (Name and Address) 1636 Daniels Dr N Fort Myers FL 33903 | | | | | Date of Offense 02/28/2007 |
| | Date of Arrest 03/04/2007 | Arrest Time 0335 | Booking Date 03/04/2007 | Booking Time | Finger Printed by: | Finger Print Type: |
| | Jail Date 3/4/0 | Jail Time 0371 | Jail No. 4-23 | County ID No 121834 | Other Local No | FDLE No | DOC No | FBI No |

| | | |
|---|---|---|
| DEFENDANT | Name (Last, First, Middle) Tillis, William Anthony | Alias/Moniker |

| Race: ( W ) | Sex: ( M ) | DOB: 09/07/1979 | HT: 6'1" | WT: 200 | Eye Col Blue | Hair Col Brown | Complex (Fa) |
|---|---|---|---|---|---|---|---|
| Build ( M ) | Scars, Marks, Tattoos: | | | | | | |

Indication of:    BAC #: 0    Place of Birth Virginia    Citizenship ( Y )
Alcohol Influence: ( )    Drug Influence: ( )    US

| Local Address (Street, Apt #) 1628 Daniels Dr | City N Fort Myers | State FL | Zip 33903 | Phone |
|---|---|---|---|---|
| Permanent Address (Street, Apt #) 1628 Daniels Dr | City N Fort Myers | State FL | Zip 33903 | Phone |
| Business Address (Name, Street) Unknown, 1628 Daniels Dr | City N Fort Myers | State FL | Zip 33903 | Phone |

| Res Type: ( 2 ) | Occupation: | Driver's Lic No: T420921793270 | State FL | SS #: | Immigration No. |
|---|---|---|---|---|---|

Nearest Relative

| Street | City | State | Zip | Phone |
|---|---|---|---|---|

| | | | |
|---|---|---|---|
| CODEF | Co-Defendant Name (Last, First, Middle) Moore, Yolanda | Race ( B ) | Sex ( F ) | DOB or Age 01/24/1989-38 |
| | Co-Defendant Name (Last, First, Middle) ASSIGNED TO "F" DIVISION JUDGE | Race ( ) | Sex ( ) | DOB or Age |

| | | | | | | |
|---|---|---|---|---|---|---|
| CHARGE | Charge Description #1 07015331CF-FORGERY OF ALTER PUBLIC RECORD CERTIFICATE ETC | Counts ( x ) F.S. 1 ( ) Ord | Violation No 831.01 | NARC ACT (N) AMT / UNIT 0 | TYPE (N) | Bond Charge # Type ( ) |
| | Charge Description #2 | Counts ( ) F.S. ( ) Ord | Violation No | NARC ACT ( ) AMT / UNIT | TYPE ( ) | Bond Charge # Type ( ) |
| | Charge Description #3 | Counts ( ) F.S. ( ) Ord | Violation No | NARC ACT ( ) AMT / UNIT | TYPE ( ) | Bond Charge # Type ( ) |
| | UCR Code #1 | | UCR Code #2 | | UCR Code #3 | |

| | | | | | |
|---|---|---|---|---|---|
| AUTO | Year 2005 | Make Chevrolet | Model Impala | Tag D211QX | Color Blue | VIN # 2G1WF52E359381209 |
| | Location of Vehicle / Towed From 1636 Daniels Drive/Same | | | Removed By / Stored At Cape Car Care/Same | | |

| | | |
|---|---|---|
| NOTICE | ( ) Mandatory Appearance in Court | Location (Court Room No, Address) |
| | | Month:   Day:   Year:   Time:   ( ) A.M. ( ) P.M. |
| | ( ) You need not appear in Court but must comply with instructions on the reverse side | Location (Court Room No, Address) |
| | | Month:   Day:   Year:   Time:   ( ) A.M. ( ) P.M. |

I Promise to appear at the above Date, Time, and assigned Court room, to answer the offense charged, or to pay the fine subscribed. Failure to appear will result in the issuance of a PICK-UP ORDER OR WARRANT.

Signed: _____

| Signature of Defendant | Supervisor Review and Approval Sergeant Sean Hawker |
|---|---|

A - 1

Exhibit M

| OBTS No. 3b701216724 | Agency Report Number 07085861 | PROBABLE CAUSE STATEMENT | 1. Arrest (cont) | 3. Arrest Affidavit |
|---|---|---|---|---|
| | | | 2. Notice to Appear (cont) | 4. Complaint Affidavit |
| Agency ORI Number FL0380000 | Agency Arrest Number | Lee County Sheriff's Office | | 5. Request for Capias |
| | | | JUVENILE | |

Defendant Name (last, first, middle)
Tillis, William Anthony

Alias

07 CF 15331

The undersigned certifies and swears that he/she has just and reasonable grounds to believe that the above named Defendant committed the following violation of law: FORGERY OF ALTER PUBLIC RECORD CERTIFICATE ETC

On the 28 day of February 2007 at 2320 ( ) A.M. (X) P.M. (Specifically include facts constituting cause for arrest.)

WRITE NARRATIVE IN THE 1st PERSON (i.e. I witnessed the suspect)    GIVE BASIS FOR KNOWLEDGE OF THE INCIDENT (i.e. I was told by)

## Narrative

On 3/4/07 Deputy Tamulionis was on uniform marked patrol for the Lee County Sheriffs Office in North Ft. Myers, Lee County Florida. At approximately 0303 hours, Deputy Torres conducted a traffic stop on a blue Chevrolet Impala (Florida Tag D211QX) at 1636 Daniels Drive, North Ft. Myers, Florida. Deputy Tamulionis was present to assist in the investigation.

Deputy Tamulionis met with the passenger of the vehicle who identified himself as Hector Ojeda with a birthdate of 9/28/73. Deputy Tamulionis had previous contact with the passenger on 2/28/07 at approximately 2320 hours in reference to Lee County Sheriffs Office CFS 07-081307. On 2/28/07 Deputy Tamulionis had conducted a traffic stop on the blue Chevrolet Impala bearing Florida Tag D211QX at the intersection of Electric Avenue and East Mariana Avenue, North Ft. Myers, Florida. Deputy Tamulionis met with the defendant who was the driver of the vehicle. The defendant identified himself as Hector Ojeda. The defendant advised that he did not have his drivers license with him and provided Deputy Tamulionis with a correct birthdate and the name Hector Ojeda. Due to computer related issues Deputy Tamulionis was unable to obtain a photograph of Hector Ojeda to disprove the defendant's statements. Deputy Tamulionis ran said name through FCIC/NCIC which advised that Hector Ojeda had a valid class E, Florida drivers license. Deputy Tamulionis issued who he thought was Hector Ojeda a citation for operating a motor vehicle with an expired tag 6 months or less. Deputy Tamulionis watched the defendant sign the citation and put his finger print on the citation as required by LCSO policy when a drivers license is not carried.

On 3/4/07 Deputy Tamulionis received information that the defendant, who had identified himself to Deputy Tamulionis as Hector Ojeda, was actually William Anthony Tillis. Deputy Tamulionis came in contact with William Tillis during Deputy Torres traffic stop (CFS 07-085861). Deputy Tamulionis asked Mr. Tillis for his name. Mr. Tillis advised his name was Hector Ojeda. Deputy Tamulionis asked Mr. Tillis to accompany him to his patrol vehicle where Deputy Tamulionis showed Mr. Tillis a photograph of Hector Ojeda. Mr. Tillis advised is a spontaneous utterance that his name was in fact William Anthony Tillis. Deputy Tamulionis placed Mr. Tillis under arrest for FSS 831.01 Forgery.

Deputy Tamulionis read Mr. Tillis Miranda from a prepared text and asked him why he had said his name was Hector Ojeda. Mr. Tillis advised his drivers license was suspended and that he had planned on paying the citation so the real Hector Ojeda would not get in trouble. Deputy Tamulionis has submitted a copy of the citation with Mr. Tillis fingerprint and forged signature of Hector Ojeda into LCSO evidence. Mr. Tillis was transported to the Lee County Jail for processing without incident.

Adults Only
( ) Hold for First Appearance
Do Not Bond Out. Reason:

I swear/affirm the above and reverse and attached statements are true and correct.
OFFICERS SIGNATURE                05135

NAME (printed)    Tamulionis, Michael    ID No./Dist 05135-North

Sworn and subscribed before me the undersigned authority
This 4 day of March 2007

Deputy Ehlers 0313
SIGNATURE of Person Authorized to Administer Oath

Ehlers 0313
Deputy Sheriff
PRINTED Name/Title of Person Authorized to Administer Oath

| | B O N D | Date | |
| | | | |
| | | Location of Appearance (Court Room No. Address) | |
| | I N F O R M A T I O N | Returnable Court Date | Returnable Court Time ( ) A.M. ( ) P.M. |
| | | Release Date | Release Time ( ) A.M. ( ) P.M. |
| | | Releasing Officer | |
| | | Page 2 of Page 2 | |

A - 3

**State of Florida**

**vs**

**William Anthony Tillis**

In the Circuit Court, 20TH Judicial Circuit,
In and for LEE County, Florida

INSTR # 2007000191676, Pages 8
Doc Type JUD, Recorded 08/15/2007 at 08:05 AM,
Charlie Green, Lee County Clerk of Circuit Court

Deputy Clerk PWISE
#15

| Division | **Felony** |
|---|---|
| Case Number | **07-CF-015331** |

## JUDGMENT

The defendant, Tillis, William Anthony being personally before this court represented by Public Defender, the attorney of record, and the state represented by Leah Harwood, and having

☑ entered a plea of nolo contendere to the following crime(s)

| Count | Crime | Offense Statute | Degree | Case Number | OBTS Number |
|---|---|---|---|---|---|
| 1 | FORGERY | 831.01 | Felony - Third Degree | 07-CF-015331 | 3601216724 |
| 2 | GIVING FALSE NAME OR ID | 901.36 | Misdemeanor - First Degree | 07-CF-015331 | 8888888888 |

☑ and no cause being shown why the defendant should not be adjudicated guilty, IT IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the above crime(s).





State of Florida

vs

William Anthony Tillis

In the Circuit Court, 20TH Judicial Circuit, in and for LEE County, Florida

Division    **Felony**

Case Number   **07-CF-015331**

### CHARGES/COSTS/FEES

The defendant is hereby ordered to pay the following sums:

☑  $40.00 pursuant to section 938.29, Florida Statutes (Public Defender Application Fees).

DONE AND ORDERED in open court in LEE County, Florida, this 29th day of May, 2007.

Judge Joseph A Simpson

Defendant  **Tillis, William Anthony**          Case Number  **07-CF-015331**          OBTS Number **3601216724**

## SENTENCE  ( As to Count  1  )

The defendant, being personally before this court, accompanied by the defendant's attorney of record, Public Defender, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown

It Is The Sentence Of The Court that:

☑ The defendant is hereby committed to the custody of the Sheriff of LEE County, Florida.

Be Imprisoned:

☑ For a term of 8 months .

Scored

Defendant **Tillis, William Anthony**          Case Number  **07-CF-015331**          OBTS Number **3601216724**

SPECIAL PROVISIONS  ( As to Count   1   )

By appropriate notation, the following provisions apply to the sentence imposed:

Other Provisions:

Jail Credit                 ☑  It is further ordered that the defendant shall be allowed a total of 77 days as credit for time
                              incarcerated before imposition of this sentence.

Defendant  **Tillis, William Anthony**         Case Number  **07-CF-015331**         OBTS Number **8888888888**

## SENTENCE  ( As to Count  **2**  )

The defendant, being personally before this court, accompanied by the defendant's attorney of record, Public Defender, and having been adjudicated guilty herein, and the court having given the defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown

It Is The Sentence Of The Court that:

☑ The defendant is hereby committed to the custody of the Sheriff of LEE County, Florida.

Be Imprisoned:

☑ For a term of 77 days.

Defendant  **Tillis, William Anthony**          Case Number  **07-CF-015331**          OBTS Number **8888888888**

## SPECIAL PROVISIONS  ( As to Count  **2**  )

By appropriate notation, the following provisions apply to the sentence imposed:

Other Provisions:

Jail Credit              ☑  It is further ordered that the defendant shall be allowed a total of 77 days as credit for time incarcerated before imposition of this sentence.

Defendant  **Tillis, William Anthony**              Case Number  **07-CF-015331**

Other Provisions, continued:

Consecutive/Concurrent as to Other Convictions

☑ It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run

    ☑ Concurrent with the sentence(s) set forth in:

        ☐ Any active sentence being served.

        ☑ Specific sentences:

           All counts of case # 07-CF-015107

In the event the above sentence is to the Department of Corrections, the Sheriff of LEE County, Florida, is hereby ordered and directed to deliver the defendant to the Department of Corrections at the facility designated by the department together with a copy of this judgment and sentence and any other documents specified by Florida Statute.

The defendant in open court was advised of the right to appeal from this sentence by filing notice of appeal within 30 days from this date with the clerk of this court and the defendant's right to the assistance of counsel in taking the appeal at the expense of the State on showing of indigency.

DONE AND ORDERED in open court at LEE County, Florida, this 29th day of May, 2007.

Judge Joseph A Simpson

Defendant **Tillis, William Anthony**        Case Number **07-CF-015331**

<u>Clerk's Certificate of Service</u>

I Do certify that a copy hereof has been furnished to:

STATE ATTORNEY'S OFFICE        Public Defender, Counsel for defendant
1700 MONROE STREET
FORT MYERS, FLORIDA 33901

by (delivery) (mail) this _12th_ day of _June_ , _2007_ .

Charlie Green, Clerk of Courts

_R. Thompson_

Deputy Clerk

Filed Lee County Clerk of Court-Criminal Division

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Docket #: **07-CF-021227**
DC#: **Y06985**
Judge/Division: Margaret Steinbekc /

# WARRANT

**In the Name of the State of Florida, to All and Singular the Sheriffs of the State of Florida:**

WHEREAS, Suzanne Edwards has made oath that on the 11th day of March, A.D. 2008 one **William Anthony Tillis**, hereinafter referred to as the offender, was placed on probation for the offense of Count 1- Possession of Cocaine in the Circuit Court of Lee County, for a term of Two (2) years in accordance with the provisions of Chapter 948, Florida Statutes, and that the offender has not properly conducted himself, but has violated the conditions of his probation in a material respect by:

Violation of Condition (2) of Orders of Probation, in that, Mr. Tillis has failed to make monthly payments towards his cost of supervision and is in arrears in the amount of $850.00. Mr. Tillis has been on supervision for 16 months and has not paid one penny towards any of his financial obligations. While employment has been difficult to secure and maintain, Mr. Tillis has not made any good faith efforts to satisfy his monetary obligation in any amount.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Grand Theft of a Motor Vehicle when he took without permission of the owner, Louis Chase. Mr. Chase's 1987 Lincoln Town Car, tag # J45PQT from the parking lot of Fisherman's Pub in N. Ft. Myers, Florida.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Driving While Driver's License Suspended when he was observed by Lee County Deputy Wharton to be seen driving a 1987 Lincoln town Car, tag # J45PQT while traveling south on N. Tamiami Trail at Pine Island Road in N. Ft. Myers, Florida without possessing a valid driver's license.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Resisting High Speed Pursuit when he fled from Deputy Wharton as the Deputy was attempting to conduct a traffic stop. Mr. Tillis did not stop the vehicle after Deputy Wharton activated his lights and siren and Mr. Tillis then turned south on River Road and continued on at a high rate of speed.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Reckless Driving when in his attempt to elude Deputy Wharton, Mr. Tillis failed to stop at the stop sign located at the intersection of Pondella road and River Road. going through the intersection at a speed estimated by the Deputy to be in excess of 50 MPH without any brake lights being illuminated and as he went over the intersection, the Deputy observed the vehicle go airborne with sparks emitting from under the vehicle as it made contact with the road.

DC3-217 (Revised 12/27/07)

Distribution:    Original:    Sheriff's Office
                 Copy:        Court File
                 Copy:        DC Offender File

Exhibit N    VC

Filed Lee County Clerk of Court-Criminal Division

**Tillis, William Anthony**
**Docket No. 07-CF-021227**
**DC# Y06985**

Violation of Condition (12) of Orders of Probation, in that, Mr. Tillis has failed to make any payments towards court costs and is currently in arrears in the amount of $682.00. Mr. Tillis has been on supervision for 16 months and has not paid one penny towards any of his financial obligations. While employment has been difficult to secure and maintain, Mr. Tillis has not made any good faith efforts to satisfy his monetary obligation in any amount.

Violation of Condition (19) of Orders of Probation, in that, Mr. Tillis has failed to be evaluated for substance abuse at SWFAS. He has been instructed to made an appointment and complete this condition on two separate occasions, April 21, 2008 by Officer Michelle Coleman and again on May 08, 2008 by Officer Suzanne Edwards. To date, July 14, 2009, Mr. Tillis has failed to make and keep an evaluation appointment.

THESE ARE, THEREFORE, to command you to arrest instanter the offender, <u>William Anthony Tillis</u>, and bring him before me to be dealt with according to law.

Given under my hand and seal this ___23___ day of ___July___, A.D. 2009

Judge <u>Margaret Steinbeck</u>
Circuit Court in and for <u>Lee</u> County

___ No bond _MЄ_
___ ROR
___ Bond set at $ _____
_χ_ Extradition Instructions:
Local & SE US only

DC3-217 (Revised 9-00)

Distribution: Original: --Sheriff's Office
Copy:     --Court File
Copy:     --Offender File

Filed Lee County Clerk of Court-Criminal Division

CASE # 07-CF-021227

IN THE CIRCUIT COURT OF Lee COUNTY

STATE OF FLORIDA

VIOLATION OF PROBATION
**WARRANT**

ORDER TO TAKE INTO CUSTODY

**STATE OF FLORIDA
VS.**

**William Anthony Tillis**



THIS WARRANT WAS RECEIVED BY THIS DEPARTMENT AT _____ COUNTY, FLORIDA ON THE _____ DAY OF _____, A.D. 20_____, AND EXECUTED IN _____ COUNTY, FLORIDA ON THE _____ DAY OF _____, A.D. 20_____,

BY ARRESTING THE WITHIN NAMED

_____

_____

ARRESTING OFFICER

_____

DEPARTMENT

_____

DATE AND TIME OF SERVICE

_____

PLACE OF SERVICE

**IDENTIFYING DATA**

AKA: Tony Tillis
RACE: white    SEX: male    DOB: 09/07/1979
SMT: tattoo of 5 point Crown on left chest
CONFIRMED LATIN KING
HGT: 6'00"    WGT: 200
EYES: blue    HAIR: brown
SS#: ▮▮▮▮▮▮▮▮
DL#: Suspended T420921793270
CURRENT LOCATION/LAST KNOWN ADDRESS:
 Lee County Jail

Phone: (Home) _____ (Cell) _____
Residing with/relationship: _____
Employer name/phone: unemployed
Place of birth: N. Hampton, VA
Vehicle info: _____

|  | Yes | No |
|---|---|---|
| History of violence: | ☐ | ☒ |
| Prior resisting arrest: | ☐ | ☒ |
| Prior use or possession of weapon | ☐ | ☒ |
| Interstate Compact case: | ☐ | ☒ |

Filed Lee County Clerk of Court-Criminal Division

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Docket #: <u>07-CF-021227</u>
DC#: <u>Y06985</u>
Judge/Division: Margaret Steinbeck /

**AFFIDAVIT**
**VIOLATION OF PROBATION**

Before me this day personally appeared <u>Suzanne Edwards</u> who, being first duly sworn says that **William Anthony Tillis,** hereinafter referred to as the offender, was on the <u>11th</u> day of <u>March</u>, A.D. <u>2008</u> placed on <u>probation</u> for the offense of <u>Count 1- Possession of Cociane</u> in the <u>Circuit</u> Court of <u>Lee</u> County, for a term of <u>Two (2) years</u> in accordance with the provisions of Chapter 948, Florida Statutes.

Affiant states that the offender was instructed on the conditions of probation on <u>04/08/08 and 05/08/08</u> by Officer <u>Michelle Coleman and Suzanne Edwards</u>.

Affiant further states that the offender has not properly conducted <u>himself</u>, but has violated the conditions of his probation in a material respect by:

Violation of Condition (2) of Orders of Probation, in that, Mr. Tillis has failed to make monthly payments towards his cost of supervision and is in arrears in the amount of $850.00. Mr. Tillis has been on supervision for 16 months and has not paid one penny towards any of his financial obligations. While employment has been difficult to secure and maintain, Mr. Tillis has not made any good faith efforts to satisfy his monetary obligation in any amount.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Grand Theft of a Motor Vehicle when he took without permission of the owner, Louis Chase, Mr. Chase's 1987 Lincoln Town Car, tag # J45PQT from the parking lot of Fisherman's Pub in N. Ft. Myers, Florida.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Driving While Driver's License Suspended when he was observed by Lee County Deputy Wharton to be seen driving a 1987 Lincoln town Car, tag # J45PQT while traveling south on N. Tamiami Trail at Pine Island Road in N. Ft. Myers, Florida without possessing a valid driver's license.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Resisting High Speed Pursuit when he fled from Deputy Wharton as the Deputy was attempting to conduct a traffic stop. Mr. Tillis did not stop the vehicle after Deputy Wharton activated his lights and siren and Mr. Tillis then turned south on River Road and continued on at a high rate of speed.

Violation of Condition (5) of Orders of Probation, in that, Mr. Tillis has failed to live without violating the law in that on July 09, 2009 Mr. Tillis did commit the new law violation of Reckless Driving when in his attempt to elude Deputy Wharton, Mr. Tillis failed to stop at the stop sign located at the intersection of Pondella road and River Road, going through the intersection at a speed estimated by the Deputy to be in excess of 50 MPH without any brake lights being illuminated and as he went over the intersection, the Deputy observed the vehicle go airborne with sparks emitting from under the vehicle as it made contact with the road.

DC3-216 (Revised 11/04)

Distribution:    Original:    Court
                 Copy:        Section 1-Offender File

Filed Lee County Clerk of Court-Criminal Division

**Tillis, William Anthony**
**Docket No. 07-CF-021227**
**DC# Y06985**

Violation of Condition (12) of Orders of Probation, in that, Mr. Tillis has failed to make any payments towards court costs and is currently in arrears in the amount of $682.00. Mr. Tillis has been on supervision for 16 months and has not paid one penny towards any of his financial obligations. While employment has been difficult to secure and maintain, Mr. Tillis has not made any good faith efforts to satisfy his monetary obligation in any amount.

Violation of Condition (19) of Orders of Probation, in that, Mr. Tillis has failed to be evaluated for substance abuse at SWFAS. He has been instructed to made an appointment and complete this condition on two separate occasions, April 21, 2008 by Officer Michelle Coleman and again on May 08, 2008 by Officer Suzanne Edwards. To date, July 14, 2009, Mr. Tillis has failed to make and keep an evaluation appointment.

_____

Suzanne Edwards
Officer

**THIS AFFIDAVIT MUST BE NOTARIZED OR ATTESTED TO UNDER S. 117.10 OR 92.50, FLA. STAT.**

Sworn to and subscribed before me this 14th (day) of July (month), A.D. 2009 (year) by Suzanne Edwards, who is personally known to me.

Signature of Attesting
Officer Under S. 117.10, F.S.          Title: CPS

Approved by Supervisor:                 Date:_____

239-338-2398
Officer Telephone/E-Mail Address

Filed Lee County Clerk of Court-Criminal Division

# WITNESS LIST

State of Florida
Plaintiff

Vs.

William Anthony Tillis
Defendant

Case No. 07-CF-021227
DC# Y06985

Listed below are the witnesses required for an evidentiary hearing for Violation of Probation:

| NAME | ADDRESS | TELEPHONE # |
|------|---------|-------------|
| Deputy Wharton Lee County Sheriff's Department | Lee County Sheriff's Department 14750 Six Mile Cypress Parkway Ft. Myers, FL 33912 | 239-477-1000 |
| Suzanne Edwards, CPO | Department of Corrections 2234 Cleveland Avenue Ft.Myers, FL 33901 | 239-338-2398 239-313-8484 cell |

Should you require further information, please advise.

*Suzanne Edwards*

Suzanne Edwards
Correctional Probation Officer
State of Florida Department of Corrections

Original: State Attorney
Copy: Probation & Parole File
Copy: Public Defender/Private Attorney

se/



# Sarasota County Sheriff's Office

# General Order 23.4

| TITLE: Domestic Violence | |
|---|---|
| **ORIGINATION DATE:** January 01, 1996 | **REVISION DATE:** March 15, 2016 |
| **RELATED REFERENCES:** | **RESCINDS GO:** 3010.06 |
| **REVIEWED:** October 2012 | **REVIEWED:** August 2015 | **REVIEWED:** August 2017 |

I. **PURPOSE:** To reduce the incidence and severity of domestic violence, by ensuring that deputies are fully prepared to effectively deal with calls for service. Domestic violence investigations shall be actively pursued and an arrest shall be the preferred response in situations in which probable cause exists. High priority shall be assigned to ensuring victim safety and referral to appropriate services.

II. **SCOPE:** This order shall apply to all sheriff's office members.

III. **POLICY:** It is the policy of the Sarasota County Sheriff's Office to provide and maintain procedures governing the handling of domestic violence complaints. Research indicates that the adoption of a strict "pro-arrest" policy in circumstances where probable cause exists that a crime has been committed, in regard to incidents involving domestic violence, reduces the likelihood of repeated violence in those particular cases.

IV. **DISCUSSION:** It is the intent of the Florida legislature that domestic violence be treated as a criminal act rather than a private matter. Deputies shall respond to and investigate incidents of domestic violence as criminal activity. For that reason, criminal prosecution shall be the favored method of enforcing compliance (741.2901(2) F.S.). Entry onto the scene of a domestic violence situation shall be considered in this manner.

V. **PROCEDURE:**

   A. Public Safety Communications (PSC) Section: PSC section personnel shall dispatch units in all situations involving alleged domestic violence. Communications shall dispatch domestic violence calls with the highest appropriate priority classification.

   1. Whenever possible, PSC section personnel shall dispatch two (2) deputies to the scene.

   2. In addition to the information normally gathered, an effort shall be made to determine the following, and relay it to the deputies responding to the domestic violence call:

   a. Whether there is a need for medical treatment

   b. Suspect's alleged actions against the victim

   c. Whether the suspect is present and, if not, the suspect's name, relationship to victim, personal and vehicle description and possible whereabouts

SCSO Ch 119 response  000014

Exhibit N

    d.   Whether the suspect is aware that law enforcement has been called and if so, whether he/she has made any threats toward the responding deputies

    e.   Whether weapons, dangerous animals and/or other threats to a deputy's safety are present at the scene

    f.   Whether the offender is under the influence of drugs or alcohol

    g.   Whether there is anyone else at the scene, including children

    h.   Whether the victim has a current injunction or equivalent order

    i.   Complaint history at the location

    j.   If suspect has fled the scene, a complete description of the vehicle

3.   PSC section personnel shall ascertain whether the victim has special needs (this may include, but is not limited to, situations where the victim is hearing impaired and/or does not speak English). PSC Section personnel shall inform the responding deputies of the special need and shall attempt to make available to the deputies (at the scene or via phone) the appropriate resources. (Whenever possible, an interpreter resource should be unaffiliated with the victim and/or the perpetrator.)

4.   PSC section personnel shall not ask the victim whether he/she will participate in any later prosecution.

5.   If the crime is in progress, PSC section personnel shall attempt to keep the complainant on the phone and/or ask him/her not to hang up the phone even if she/he is away from it, provided the victim is not in any immediate danger. If the dispatcher is unable to remain on the telephone with the victim, the dispatcher shall attempt to call back periodically to check on the progress of events, and relay this information to the responding deputies.

6.   For 9-1-1 or other emergency call hang-ups where call location information is available, PSC section personnel shall always try to call back AND dispatch a unit.

7.   Dispatchers shall not cancel the deputy's response to a domestic violence complaint regardless of whether such request is made during the initial or a follow-up call. However, the dispatcher shall advise the deputy of the request.

8.   If the PSC section has policies separate from those of a client agency this policy should be incorporated into that agency's policies.

B.  Initial Response and Entry:  In responding to domestic violence calls, deputies shall be persistent about seeing AND speaking with the victim separately. If access to this person is refused, the deputy shall request that the dispatcher attempt to make contact with the victim by phone. If access is still refused and the deputy has reason to believe that someone is in imminent danger, he/she shall contact his/her supervisor and provide him/her with details of the situation.

C.  On-Scene Investigation:  The initial actions of the responding deputy is to ensure the safety of all persons at the scene. This includes:

1.   Separating the victim and offender physically, verbally and, if possible, visually (if circumstances permit, move them into separate rooms taking into consideration all officer safety factors).

2.   Taking temporary possession of all involved firearms or weapons, and securing any firearms or weapons which pose an immediate threat. Firearms and weapons shall only be seized in accordance with state and federal law.

SCSO Ch 119 response  000015

3. Assessing the severity of injuries to parties and applying or calling for the appropriate level of medical aid for any injured parties.

4. Locating and checking the welfare of others including any children at the scene.

D. Steps of the on-scene investigation shall include the following:

1. Interview all parties and potential witnesses, including children (recognizing the unique sensitivities of children in domestic violence situations), and neighbors, as appropriate. These persons should be interviewed separately and out of sight/sound range of each other, if possible.

2. If communication is impaired because of the special needs of any party (e.g., the person is hearing impaired or does not speak English), the deputy, where possible, shall request that appropriate resources be made available via phone or at the scene.

3. Determine if the relationship is "domestic" (as defined by Florida law) and what crime(s), if any, have occurred.

4. Determine the nature and extent of all injuries, including defensive wounds, (e.g. on the inside of the arms or palms of the hands), pursuant to 741 F.S.

5. Ascertain whether a female victim is pregnant, and whether and how the suspect is aware of her condition. Obtain the name of the pregnant woman's health care provider, if possible.

6. Determine who is the primary aggressor using the following factors and own judgment and experience:

   a. Extent of any injuries inflicted

   b. Fear of physical injury because of past or present threats

   c. Actions taken by the dispute participants in self-defense, or to protect themselves

   d. History of domestic abuse perpetrated by one party against the other

   e. Existence of current or prior orders for protection

7. Record statements in writing or with a voice recorder:

   a. Any statements made by the victim, suspect, and/or witnesses, which may be categorized as exceptions to the hearsay rule, including excited utterances and spontaneous statements. Note the exact words used, using quotation marks, indicate the approximate time frame when the statements were made, and record the emotional condition of the speaker.

   b. Any relevant statements, including self-serving ones, made by the suspect.

   c. Where possible, consistent with Chapter 741 F.S., obtain sworn written or recorded statements from the victim and any witnesses, including children, as appropriate. The responding deputy shall also attempt to obtain a written or recorded statement from the suspect. These statements shall be submitted into property, in accordance with General Order 23.9, *Evidence, Property and Impounded Vehicles.*

8. Evidence Collection: Collect and record physical evidence and, where appropriate, take photographs (follow evidence procedures in General Order 23.12, *Photographs*) and/or videos of injuries and property damage. Request a crime scene analyst to respond, if needed, via chain-of-command. Seize any/all plain-view evidence.

---

SCSO Cb 119 response  000016

E. Arrest: Arrest is the preferred response to domestic violence when probable cause exists. That is, when probable cause has been established that an act of domestic violence has occurred, an arrest should be made, pursuant to Chapter 901 F.S.

1. When determining probable cause, the responding deputy shall take into consideration his/her own observations and any statements made by the parties involved and witnesses, including children. The deputy shall proactively determine all crimes for which there is probable cause.

2. Factors which should NOT be considered when determining whether an arrest shall be made include:

    a. The marital status, sexual orientation, race, religion, profession, age, disability, cultural, social or political position, or socioeconomic status of either party

    b. The ownership/tenancy rights of either party, or the fact that the incident occurred in a private place

    c. The victim's request that an arrest not be made

    d. A belief that the victim will not cooperate with criminal prosecution, or that the arrest may not lead to a conviction

    e. Verbal assurances that the abuse will stop

    f. The fact that the suspect has left the scene

    g. The disposition of previous calls involving the same victim or suspect

    h. Denial by either party that the abuse occurred when there is evidence of domestic violence

    i. Lack of a court order restraining the suspect

    j. Concern about reprisals against the victim

    k. Adverse financial consequences that might result from the arrest

    l. Chemical dependency or intoxication of the parties

    m. Assumption as to the tolerance of violence by cultural, ethnic, religious, racial or occupational groups

    n. Absence of visible injury or complaints of injury

    o. Presence of children, or the immediate dependency of children on the suspect

3. The deputy making an arrest shall inform the arrestee that domestic violence is a crime and that the State of Florida, not the victim, is responsible for the prosecution. A waiver of prosecution shall only be taken on a domestic battery if there is no evidence of injuries, no witnesses, no danger of further violence, and if the victim does not want to file any type of charges. A supervisor shall approve any domestic violence waivers of prosecution.

4. If the deputy determines that a crime has been committed and that the suspect has left the scene, the deputy shall make every attempt to:

    a. Conduct a search of the immediate area

SCSO Ch 119 response  000017

    b.  Obtain information from the victim and witnesses as to where the suspect might be located

    c.  Prepare a probable cause affidavit (PCA) and, if the offender cannot be located, complete any other appropriate paperwork for referral to the state attorney's office

    d.  Arrest the suspect if he/she is located at a later time or date

F.  Dual Arrests:  This agency discourages dual arrests in order to avoid arresting the victim. Where there are allegations that each party assaulted the other, the deputy shall determine whether there is sufficient evidence to conclude that one of the parties is the primary aggressor, based on the criteria set forth above [Chapter 741.29(4)(b) F.S.].

    1.  If the primary aggressor alleges that he/she is also the victim of domestic violence, then it is imperative that the responding deputy thoroughly investigates such allegation, to determine whether it was an act of self-defense or an act of aggression. If it was a separate act of aggression, then the responding deputy shall make an arrest, or file a request for prosecution on the secondary aggressor. If the responding deputy concludes that it was an act of self-defense, no arrest of the secondary aggressor shall be made. If dual arrests are made, the facts supporting each arrest must be clearly documented. [Chapter 741.29(2) (b) F.S.]

    2.  Deputies shall not threaten, suggest, or otherwise indicate the possible arrest of all parties or the removal of the children from the home, as it may discourage requests for intervention by law enforcement by a party.

G.  When a Deputy Believes Probable Cause Does Not Exist: In domestic violence cases where the responding deputy believes probable cause does not exist, the deputy shall not make an arrest. However, he/she shall explain to the complainant the right to have the case reviewed by the state attorney's office in the form of a non-arrest Probable Cause Affidavit (PCA).

H.  Victim Support:  Support for domestic violence victims can have strong, positive ramifications for reducing this type of crime, and for the successful prosecution of the perpetrator. Deputies may and should rely on the assistance of domestic violence service providers to provide this support.

    1.  The responding deputy shall attempt to identify and utilize resources to assist in his/her interactions with non-English speaking citizens (e.g., victims, witnesses, suspects), or citizens with communication disabilities. However, the deputy shall avoid using the parties' friends, family or neighbors as the primary interpreter for the investigation.

    2.  The responding deputy shall attempt to gain the victim's trust and confidence by showing understanding, patience and respect for personal dignity, and using language appropriate to the age, educational level and emotional condition of the victim.

    3.  In accordance with Chapter 741 F.S., a deputy must:

        a.  Assist the victim in obtaining any needed medical treatment

        b.  Inform the victim of the availability of a certified domestic violence center

            (1)  In cases of domestic violence where the victim is female, distribute an information card advising the availability of services and shelter offered by SPARCC.

            (2)  Should a complainant in a domestic violence case or other domestic dispute case request assistance from SPARCC in order to leave the home immediately, contact SPARCC and escort the victim from the home to meet the SPARCC advocate.

SCSO Ch 119 response  000018

c. Give the victim a copy of the "Legal Rights and Remedies Notice to Victims" brochure in English or Spanish as appropriate, which provides:

    (1) A telephone number for the local domestic violence center (the victim should also be informed of other specialized domestic violence resources available in the community)

    (2) Information about the right to file a criminal complaint with the state attorney's office

    (3) Information about injunctions for protection

4. Deputies are encouraged to do the following:

    a. Convey to the victim concern for his/her safety

    b. Inform the victim about how to get an injunction in the fastest possible manner

    c. Advise the victim that the incident report will be sent to the local domestic violence center

    d. Advise the victim of what to expect in the near future with regard to the processing of the case by the judicial system, including the possibility that the accused may be in custody for only a short period of time

    e. Ask the victim if he/she wants to be notified of the suspect's release from jail

    f. Advise the victim that domestic violence is a crime and that the sole responsibility for decisions regarding whether charges are filed is with the STATE and not the victim

    g. If an arrest is not made, inform the victim of the reasons and of his/her options independent of the sheriff's office investigation (as indicated in the "Rights and Remedies" pamphlet)

    h. Advise the victim to notify the sheriff's office of any additional incidents or new information

    i. Advise the victim about the sheriff's office victim assistance program and its phone number

5. Leaving the Scene: Deputies shall not leave the scene of an incident until the situation is under control and the likelihood of further violence has been eliminated. If the victim is leaving, a deputy shall remain at the scene for a reasonable period of time while the victim gathers necessities for a short-term absence from home. The victim should be asked for his/her temporary address and a phone number where he/she can be contacted. This request should occur out of hearing range of the perpetrator.

6. Certified Domestic Violence Shelter: If the victim requests to go to a shelter, he/she shall be referred to a certified domestic violence shelter. The responding deputy shall arrange for, or provide transportation to, the certified shelter if the victim is approved for shelter intake, or arrange for or provide transportation for the victim to an alternative location of the victim's choice if the victim is not approved.

7. Care of Children: Deputies shall see to the appropriate care of children as victims or dependents.

    a. In child abuse situations, the responding deputy is required by Chapter 415 F.S. to call the state's abuse registry (1-800-96-ABUSE).

    b. If, as a result of arrests and/or hospitalizations, there is no parent, legal guardian, or relative to either care for the children or direct the responding deputy to an appropriate temporary placement of the children, the deputy shall contact the abuse registry at the number above for purposes of

---

SCSO Ch 119 response 000019

determining placement. The deputy shall indicate the identity and address of the person taking custody of the children in his/her report.

8. Care of Dependent Adults: When an elderly or disabled adult is either a victim of the violence or reliant on the victim or suspect who, due to his/her arrest can no longer provide care, the responding deputy shall make appropriate arrangements for the person's care. In the case of abuse, the deputy shall call the abuse registry at 1-800-96-ABUSE.

9. Potential for Further Violence: If indicators for future violence exist, the responding deputy shall initiate a patrol request to arrange for increased patrol in the area.

I. Initial Response – Report Writing: In accordance with Chapter 741 F.S., the responding deputy shall prepare a written incident report if there has been an allegation of domestic violence, regardless of whether an arrest has been made. If no arrest is made, the report shall include a description of any observed injuries and the reason(s) why no arrest was made. A copy of the report shall be sent to the nearest certified domestic violence center within twenty-four (24) hours at no cost to the center.

1. The responding deputy shall indicate that the case is domestic violence related by marking the "DVR" box on the incident report section pertaining to victim information with a "Y." A domestic violence offense report shall include, but need not be limited to:

a. Information provided to PSC section personnel about the incident (the deputy should consider the evidentiary value of the 9-1-1- call).

b. Descriptive information regarding the victim and suspect, including demeanor of each.

c. Written and oral statements obtained from the victim and suspect (including excited utterances and their approximate time frame) and an explanation, if written statements were not obtained.

d. A list of witnesses and their statements, (including excited utterances and their approximate time frame), and the identities of all deputies on the scene.

e. A description and location of observed injuries, description of medical treatment rendered and a statement about whether an offer of medical treatment was refused.

f. The name of the medical treatment provider and the names of any other health care providers, including EMS personnel.

g. A description of all other physical evidence, including photographs taken and of what.

h. A description of steps taken to locate the suspect if he/she was not at the scene.

i. A list of indicators of threats to future victim and/or child safety (e.g., threats made, including history of abuse, killing of pets, use of substances or other unusual behavior).

j. Any evidence that the suspect tried to prevent the victim from reporting the crime to law enforcement (e.g., by taking phone away from victim).

k. Information regarding whether children were present and how they were cared for.

l. Information regarding whether an injunction is in effect and, if the domestic violence is in reference to this order, attach a copy, if possible.

m. A statement regarding any special needs (including language barriers, disabilities, etc.) of the parties involved.

SCSO Ch 119 response  000020

      n.  An indication that the victim received the "Rights and Remedies" pamphlet.

         (1)    Have the victim sign the supplemental form acknowledging receipt. If the victim refuses to sign, mark the form "refused."

      o.  If no arrest was made, an indication that the victim was advised of the reason why an arrest was not made.

      p.  Any information that may be relevant to the assessment of bond.

      q.  The name and phone number of a person (e.g., family member, employer) through whom the victim can be contacted.

  2.  The victim's name and contact information shall be excised out of any forms going to the local certified domestic violence center, unless the victim signs a public records exemption request form. This includes cases involving sexual battery, child abuse, a lewd or lascivious act or indecent assault upon or in the presence of a child.

  3.  Deputies shall, when appropriate, request that the victim sign a release of medical records (related to any domestic violence incidents) form and complete the victim notification form.

J.  Follow-up Investigation: A follow-up investigation may be required and shall include:

  1.  Interviewing victims who were physically or emotionally unable to be properly interviewed or provide a statement. The victim(s) shall be re-contacted for this purpose or to obtain additional details relevant to the investigation.

  2.  Taking photographs of victim's injuries that may not have been apparent/visible at the time of the initial response.

  3.  Interviewing neighbors or other potential witnesses.

  4.  Ascertaining if the suspect is on parole, probation and/or pretrial release, and obtaining the name and phone number of the appropriate probation/parole/pretrial officer.

  5.  In the supplemental follow-up report, the investigating deputy shall document steps taken in the investigation. This shall include documenting interviews and any other tasks performed that are pertinent to the investigation.

  6.  In cases in which a physical arrest was not made, the related report and charging documents required by the state attorney's office shall be forwarded within two (2) business days after the investigation is completed, or as soon as possible, to the state attorney's office for review. If a warrant is issued, the sheriff's office shall attempt to execute or to effect service of the warrant as soon as possible.

  7.  The sheriff's office shall forward a copy of the original report to a designated certified domestic violence center, as required by law.

K.  Agency Member or Law Enforcement Officer Involved Domestic Violence Cases:

  1.  Responding to the Call: If PSC section personnel receive a call for assistance at a scene where an agency member or law enforcement officer is alleged to be a domestic violence offender, a patrol supervisor shall be notified. The responding deputy shall ensure that a patrol supervisor has been or will be notified and otherwise handle the situation on scene in a manner consistent with the policies used in all domestic violence cases. Additionally, other agency personnel shall be notified in

SCSO Ch 119 response  000021

accordance with agency policy which addresses procedures for when an agency member is an alleged perpetrators of a crime.

2. Arrest: If an arrest is made, applicable sheriff's office policies related to duty status, assignment, suspension, etc. shall be adhered to.

3. Criminal Investigation: If a criminal investigation is required, applicable sheriff's office policies shall be followed.

4. Administrative Investigation: An administrative investigation shall be opened to determine if the agency member has violated any sheriff's office policies.

5. Reporting Responsibilities:

   a. If an agency member is arrested for a domestic violence incident by another law enforcement agency, he/she must notify his/her supervisor before the beginning of his/her next shift, or as soon as possible thereafter.

   b. Any agency member who witnesses or otherwise has firsthand or well-founded knowledge of a domestic violence incident involving another member of the Sarasota County Sheriff's Office, he/she shall report the incident/information to a supervisor, who shall initiate an investigation.

6. Arrest of Officer from Another Agency: If this agency makes a domestic violence related arrest of a law enforcement officer from another agency, a patrol supervisor shall notify the employing agency of the arrest, the specific charge and the time of the arrest prior to the end of the working shift during which the arrest was made. The patrol supervisor shall also make notifications through the chain-of-command.

L. Restraining and Protective Orders: This section applies to both temporary and final domestic violence injunctions and repeat violence injunctions that result from a domestic violence situation.

   1. Upon determination of probable cause, a deputy may make a physical arrest of the respondent without a warrant if he/she willfully and knowingly violated or violates a term of the injunction by:

      a. Refusing to vacate the shared premises within the time limits stated on the injunction.

      b. Going to the petitioner's residence, school, place of employment, or a specified place frequented regularly by the petitioner and any named family member or household member.

      c. Committing an act of domestic violence against the petitioner.

      d. Committing any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the petitioner.

      e. Telephoning, contacting or otherwise communicating with the petitioner directly or indirectly, unless the injunction specifically allows indirect contact through a third party.

      f. Being in possession of a firearm or ammunition while under final injunction that prohibits possessing firearms.

      g. Violating a condition of pretrial release when the original arrest was for domestic violence.

   NOTE: The above violations are misdemeanors and exceptions to the misdemeanor warrant rule.

SCSO Ch 119 response  000022

2. Deputies shall make an arrest for a criminal violation of the term of an injunction pursuant to Chapter 741 F.S. (domestic violence injunctions) or Chapter 784 F.S. (repeat violence injunctions).

3. The deputy shall not base his/her decision to arrest on his/her perception of the prosecutor's ability to prosecute the case, as this is a court order not subject to the deputy's interpretation.

4. A deputy may not arrest persons for civil violations of court orders. For civil violations, the petitioner shall be referred to the clerk of the court.

5. After proper service of an injunction upon a respondent, the injunction is valid and enforceable in all counties of the State of Florida. It is important to verify that a respondent has been properly served with the injunction prior to arresting him/her for violating same.

6. Out of State Protective Orders: The sheriff's office must enforce foreign (i.e., out-of-state) injunctions pursuant to applicable state and federal laws. If a respondent is found in possession of a firearm, federal authorities shall be notified immediately. The protected person must have a certified copy of the foreign order, OR the deputy must determine that an order that is not certified is valid. Before enforcement action is taken, the deputy shall confirm the identity of parties present, review the order to determine that the order, on its face, has not expired, and use reasonable efforts to verify service of process.

M. Training: Sworn personnel and all other personnel designated to handle domestic violence investigations shall receive competency-based training in domestic violence. Such personnel shall be competent with regard to the following:

1. Use and application of current Florida and federal statutes as they relate to domestic violence.

2. Dynamics of domestic violence.

3. Verification, enforcement and service of injunctions.

4. Duties and responsibilities of law enforcement in response to domestic violence calls, as set forth by sheriff's office policy.

5. Assisting victim populations with special needs.

6. Techniques for handling incidents of domestic violence that minimize the likelihood of injury to the deputy and that promote the safety of the victim.

7. Nature and extent of domestic violence.

8. Legal rights and remedies available to victims of domestic violence.

9. Documentation, report writing and evidence collection, (including recognition and recording of excited utterances, taking photographs, etc.).

10. Tenancy issues and domestic violence.

11. Impact of law enforcement intervention in preventing future violence.

12. Special needs of children at the scene of domestic violence and the subsequent impact on their lives.

13. Policies and procedures of the state attorney's office.

14. Services, facilities and/or interventions available to victims.

SCSO Ch 119 response  000023

15. Emergency assistance to victims and how to assist victims in pursuing criminal justice options.

16. Working with reluctant victims.

17. Liability issues for both the sheriff's office and responding deputy.

18. Indicators of abuser lethality.

19. Indicators of future violence.

20. Means of identifying a primary aggressor.

21. Appropriate use of the Baker Act.

N. Victim Assistance Personnel:  Persons in the victim assistance unit shall receive more advanced competency-based training than that required of deputies.

O. Training: Periodic in-service and/or roll-call training addressing the components of this policy and the use of the domestic violence reference card.

P. Legal Updates: All sworn personnel shall receive timely legal/legislative updates pertaining to domestic violence. The agency shall obtain and disseminate all legislative and legal updates. These updates shall be distributed to all agency personnel.

Q. Dissemination of Policies:  Copies of this domestic violence general order shall be forwarded to the state attorney's office and local victim service provider (SPARCC).

---

## VI. GLOSSARY:

**DOMESTIC VIOLENCE:**  (741.28 F.S.) Any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one (1) family or household member by another who is, or was, residing in the same single dwelling unit.

**DOMESTIC VIOLENCE INJUNCTION:**  (741.30 F.S.) A court order requiring a family or household member to do, or refrain from doing, a specified act.

**EXCITED UTTERANCES:**  A statement "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." (Florida Evidence code, 90.803; F.S.).

**FAMILY/HOUSEHOLD MEMBER:**  (741.28 F.S.) Spouses, former spouses, persons related by blood or marriage, persons who are presently residing together as if a family, or who have resided together as if a family, or who have resided together in the past as if a family, and persons who have a child in common, regardless of whether they have been married or have resided together at any time.

**SPONTANEOUS STATEMENTS:**  Statement "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter, except when such statement is made under circumstances that indicate its lack of trustworthiness." (Florida Evidence Code, 90.803, F.S.).

---

## VII. INDEXING:

Domestic Violence
Family Disturbance

---

SCSO Ch 119 response  000024

APPROVED:      _Thomas M. Knight_ (signature)

Thomas M. Knight
Sheriff, Sarasota County

Your electronic signature in Power DMS acknowledges you have read this policy and understand it.

SCSO Ch 119 response 000025